## REYNOLDS v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division One, June 15, 1905.

1. **NEGLIGENCE: Collision of Cars: Prima-facie Case.** Where it is shown that plaintiff was a passenger on defendant's car, and that he was injured by a collision of that car with another of defendant's cars, he makes out a prima-facie case of negligence in a suit for damages for his personal injuries, and the burden of accounting for the collision is shifted to defendant.

2. ———: **Passenger: Payment of Fare.** It is not necessary in order to establish the fact that plaintiff was a passenger on defendant's car that he show that he paid fare for his transportation. If he was received in the vehicle of a public carrier and was being carried in the manner of a passenger at the time the accident occurred, and nothing else appears, those facts are sufficient to support the inference that he was there under the implied contract that created the relation of passenger and carrier between him and the company.

3. ———: **Collision of Cars: Instruction Broader than Petition.** Error not affecting the merits of the action is not to be regarded on appeal. Plaintiff charged that defendant so carelessly and negligently managed another one of its cars by a "negligent and violent rate of speed" that it was brought into violent collision with the one on which plaintiff was being carried, and one of plaintiff's instructions told the jury that if they should

find that the defendant "so negligently ran and operated said cars or either of them" as to cause the collision, the verdict should be for plaintiff. *Held*, that, if the instruction were broader than the petition and authorized a recovery on a finding of an act of negligence different from that stated in the petition (which is not decided), the error was not such as authorizes a reversal, since according to the uncontradicted evidence the accident was caused by the negligence of defendant's servants in charge of one or the other of the cars which collided.

4. ————: **Loss of Time and Earnings.** Where an instruction tells the jury, in estimating plaintiff's damages, to consider his loss of time and diminution of his earning capacity, past and future, and only by a strained and unreasonable construction can it be construed to mean that he was to be compensated for both loss of time and wages in the same past and future period, the judgment will not be reversed because of the inapt, inaccurate wording of the instruction.

5. ————: ————: **The Word "May."** The instruction told the jury to consider loss of future earnings that plaintiff may sustain by reason of his "diminished earning capacity that *may* be occasioned by his injury." *Held*, that a safer word than *may* could have been used to express the idea of probability or reasonable certainty, but the instruction in the light of the facts of the case to which it applies shows that the word was used to imply reasonable certainty or reasonable probability, and hence the judgment will not be reversed.

6. **EXCESSIVE VERDICT: $23,400.** Plaintiff, a passenger on a street car, was injured by the negligent collision of the car with another at a crossing. His testimony tended to show that he was 42 years old, in the prime of life, strong and healthy, weighing 190 pounds; that he was thrown to the side of the car, received a painful injury on the side, and has not been able to stand or walk since; that he has lost 40 or 50 pounds, constantly had to take purgatives to move his bowels, has diabetes and paralysis of both legs, and has manifestations of progressive nervous decay; and that he is a helpless cripple and there is no hope of improvement. Defendant's expert testimony was to the effect that his injuries were not as severe as he represented; that he had no diabetes, that the condition of his legs was not due to paralysis, but another disease from which persons so afflicted usually recover and that when recovery comes it is spontaneous, and that he might also recover from the nervous condition. In a former trial he had been awarded $35,000, and that verdict being set aside, in this he was awarded $23,400. *Held*, that the verdict was excessive, and should be reduced to $15,000 as a condition of affirmance.

Appeal from Franklin Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED CONDITIONALLY.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) There was no evidence that "defendant received plaintiff as a passenger for hire," and that question should not have been submitted to the jury. An instruction should not be given if there is no evidence upon which to base it. Paddock v. Somes, 102 Mo. 226; Wilkerson v. Eilers, 114 Mo. 245; Holden v. Railroad, 177 Mo. 469; Reno v. Railroad, 79 S. W. 464. The relation of carrier and passenger arises out of contract, and to support a recovery the contract must be established. Schepers v. Railroad, 126 Mo. 665; Schaefer v. Railroad, 128 Mo. 64; Duff v. Railroad, 91 Pa. St. 458; 2 Shear. & Redf. on Negligence (4 Ed.), 488; Patterson's Railway Accident Law, secs. 210, 214. The petition charges an express contract based upon a valuable consideration paid defendant by plaintiff. The instruction permitted a recovery not on the charge so made, but, on the contrary, on a charge not made. An instruction should not be broader than the pleadings on which it is founded. Holwerson v. Railroad, 157 Mo. 216; De Donato v. Morrison, 160 Mo. 581. Plaintiff cannot plead one cause of action and recover upon another. Hite v. Railroad, 130 Mo. 132; Chitty v. Railroad, 148 Mo. 64; Raming v. Railroad, 157 Mo. 477. Where plaintiff alleges an express contract the contract must be proven as set forth or plaintiff cannot recover. Eyerman v. Cemetery Association, 61 Mo. 489; Lanitz v. King, 93 Mo. 513; 1 Wait's Actions and Defenses, p. 90, sec. 2; p. 399, sec. 2. (2) The instruction is further erroneous in that it is not confined to the specific negligence charged. Waldheir v. Railroad, 71 Mo. 514;

Yarnell v. Railroad, 113 Mo. 570; Hite v. Railroad, 130 Mo. 132; McManamee v. Railroad, 135 Mo. 440; Bartley v. Railroad, 148 Mo. 124; Feary v. Railroad, 162 Mo. 75; Fuchs v. St. Louis, 167 Mo. 620. The petition alleges as a sole specific act of negligence in managing one of the cars "great, negligent and violent rate of speed." The instruction permits a recovery for any act of negligence in operating the car, the language used being "so negligently ran and operated said cars, or either of them," that they collided. The plaintiff did not elect to plead only the relation of carrier and passenger and the injury, but limited the negligence in managing one of the cars. When negligence in managing that car is submitted, it must be the specific negligence charged, and no other. This rule was violated by permitting a recovery on any act of negligence by the operatives of the car. Raming v. Railroad, 162 Mo. 96. The instruction is further erroneous in that it submits to the jury a question of law rather than a question of fact. Duerst v. Stamping Co., 163 Mo. 607; Allen v. Railroad, 81 S. W. 1142. (3) The court erred in giving plaintiff's instruction 3 as to the measure of damages. This instruction violates the rule that future damages for injuries, pain or suffering must be confined to such as the evidence renders it reasonably certain will result from the injury. It is only for such damages in the future as will certainly and necessarily be sustained that a recovery may be had. Russell v. Columbia, 74 Mo. 480; Bradley v. Railroad, 138 Mo. 311; Chilton v. St. Joseph, 143 Mo. 192; Bigelow v. Railroad, 48 Mo. App. 374; Ross v. Kansas City, 48 Mo. App. 446; Albin v. Railroad, 103 Mo. App. 308; Schwend v. St. Louis Transit Co., 80 S. W. 40; Walker v. Railroad, 80 S. W. 282; Fry v. Railroad, 45 Iowa 416; Ford v. Des Moines, 106 Iowa 94; White v. Railroad, 61 Wis. 636; Hardy v. Railroad, 89 Wis. 187; Kucera v. Lumber Co., 91 Wis. 637; Cameron v. Trunk Line, 10 Wash. 507; Meeteer v. Railroad, 63 Hun 533;

Curtis v. Railroad, 18 N. Y. 534; Voorheis, Measure of Damages, sec. 46, p. 75; Watson, Personal Injuries, secs. 302, 303; 1 Sutherland, Damages (3 Ed.), sec. 123; 3 Sutherland, Damages (3 Ed.), sec. 944; 1 Joyce, Damages, secs. 244, 245. By this instruction plaintiff was allowed to recover for time he had lost to the date of the trial by reason of the accident, and also any loss he had sustained during the same period by reason of diminished earning capacity, thereby erroneously allowing him double compensation for the same item of damage during the same period. The vital error in this instruction, however, is that it directs a recovery for loss of future earnings that plaintiff may sustain by reason of a diminished earning capacity that may be occasioned by his injury. 1 Joyce, Damages, secs. 244, 245; Curtis v. Railroad, 18 N. Y. 534; Watson, Personal Injuries, secs. 202, 203; Voorheis, Measure of Damages, sec. 46. (4) The verdict is excessive and bears no relation to the injury sustained. Furnish v. Railroad, 102 Mo. 438; Burdict v. Railroad, 123 Mo. 236; Chitty v. Railroad, 148 Mo. 82, 166 Mo. 435; Cambron v. Railroad, 165 Mo. 543; Newcomb v. Railroad (Mo.), 81 S. W. 1069; Railroad v. Jackson, 55 Ill. 492; Kroener v. Railroad, 88 Iowa 16; Railroad v. Dwyer, 36 Kan. 58; Wimber v. Railroad, 114 Iowa 551; Pfeffer v. Railroad, 54 N. Y. 342 (affirmed, 144 N. Y. 636); Railroad v. Hardwick, 53 Ill. App. 161; O'Donnell v. Refining Co., 41 App. Div. (N. Y.) 307; Conway v. Railroad, 51 La. Ann. 146; Morris v. Railroad, 68 Hun 39; Bosworth v. Standard Oil Co., 92 Hun 485; Fordyce v. Moore (Tex. Civ. App.), 22 S. W. 235; Markey v. Railroad, 185 Mo. 348.

*John W. Booth, Oscar E. Meyersieck, Richard F. Ralph, Thos. T. Fauntleroy* and *Shepard Barclay* for respondent.

(1) Plaintiff is entitled to the benefit of the bill of exceptions appearing in his abstract of record as

part of the proceedings in the trial court. Plaintiff's bill and defendant's bill were signed on the same day. Plaintiff's bill is an authentication by the trial judge of the facts stated therein and both bills should be taken as a part of the appellate record. A bill of exceptions may be amended *nunc pro tunc* upon the strength of any documents or papers in the trial court, and the Supreme Court will treat such amendments as made, when the facts are certified by the circuit judge and are disputed. Darrier v. Darrier, 58 Mo. 222; Garth v. Caldwell, 72 Mo. 622; Gamble v. Dougherty, 71 Mo. 599; DeKalb Co. v. Hixon, 44 Mo. 341; State v. Logan, 125 Mo. 25; State v. Howell, 117 Mo. 307. (2) The undisputed facts of the collision demonstrate a liability of defendant. The address of its counsel to the jury (admitting liability) disposes of that question. Oscanyan v. Arms Co., 103 U. S. 261. (3) Where the uncontradicted facts in evidence show defendant liable, any error in the instructions on that point is immaterial on appeal. Malloy v. Railroad, 73 S. W. 159; Moore v. Railroad, 176 Mo. 528; Becke v. Railroad, 102 Mo. 544. (4) Plaintiff's second instruction was not erroneous in requiring a finding that plaintiff was "a passenger for hire," because his presence in the car as a passenger would justify the inference that he was. Whether he paid his fare or not, he would be entitled to the care due by defendant to a passenger. Wood, Railroads, p. 1207, note 2; Dorsey v. Railroad, 83 Mo. App. 528. (5) There was no need for plaintiff to prove "an express contract based upon a valuable consideration" (as contended by appellant). The contract of transportation alleged was merely by way of inducement. It was not material, inasmuch as defendant was bound to use due care (to plaintiff as a free or paying passenger) to avoid a collision between its cars. Logan v. Railroad, 82 S. W. 126. (6) Plaintiff's second instruction was not erroneous in its statement of negligence charged. A reading of the petition will

show that the appellant's claim of too great latitude in said instruction is without foundation, in view of the undisputed facts, and failure to object to evidence on account of any variance. Chouquette v. Railroad, 152 Mo. 257. (7) Plaintiff's instruction 3 is not erroneous in any particular. It states the duty of defendant to plaintiff correctly under the decisions in Missouri. Clark v. Railroad, 127 Mo. 197; Jackson v. Railroad, 118 Mo. 199. (8) Plaintiff's instruction on the measure of damages was correct. It is almost a literal copy of an instruction approved by the Supreme Court in Banc, the only changes being to require further findings additional to those required by the instruction in the Rodney case. The instruction is further supported by abundant authorities, here and in other States. Rodney v. Railroad, 127 Mo. 676; O'Connell v. Railroad, 106 Mo. 484; Watson, Damages, Pers. Injuries, secs. 384-5; Baker v. Independence, 93 Mo. App. 165; Covell v. Railroad, 82 Mo. App. 187; Duerst v. Stamping Co., 163 Mo. 607; Feeney v. Railroad, 116 N. Y. 375; Mexican Central Co. v. Mitten, 13 Tex. Civ. App. 653; Kendall v. Albia, 73 Iowa 241; Barlow v. Lowder, 35 Ark. 492; Scott Township v. Montgomery, 95 Pa. St. 444. (9) The damages are not excessive, for plaintiff has lost the use of both legs and is a total wreck in body and nerve. The examples of verdicts everywhere show this is a moderate verdict on the facts. $80,000: Phillips v. Railroad, 5 C. P. Div. (L. R.) 280. $35,000: Dike v. Railroad, 45 N. Y. 113; Gulf Co. v. Shelton, 69 S. W. 653. $30,000: Smith v. Whittier, 95 Cal. 279; Harrold v. Railroad, 24 Hun 184; Railroad v. Davidson, 76 Fed. 517. $25,000: Ehrgott v. Mayor, 96 N. Y. 264; Hall v. Railroad, 46 Minn. 439; Ehrman v. Railroad, 60 Hun 580 (14 N. Y. Supp. 336), affirmed 131 N. Y. 576; Railroad v. Holland, 18 Ill. App. 418; Dieffenbach v. Railroad, 5 N. Y. App. Div. 91. (10) The verdict under review is the second on the same facts in this case, and is much less than the former one ($35,000), and has

been approved by the learned trial judge who held the
first to be excessive but the present one correct. This
gives plaintiff a far stronger position under the law of
Missouri. R. S. 1899, sec. 801; Waldheir v. Railroad,
87 Mo. 37; Railroad v. Davidson, 76 Fed. 517; Dief-
fenbach v. Railroad, 5 App. Div. 91; Alberti v. Rail-
road, 43 Hun 421; Hickinbottom v. Railroad, 15 N. Y.
11 (affirmed, 122 N. Y. 91). $23,000: Erickson v.
Railroad, 32 N. Y. Supp. 915. $22,250: Shaw v. Rail-
road, 8 Gray 45. $21,000: McMahon v. Ferry Co., 10
App. Div. 376. $20,000: Walke v. Railroad, 63 Barb.
260; Orban v. Co., 17 Wash. 477; Railroad v. Banfill,
107 Ill. App. 254; Railroad v. Mohnyhan, 76 S. W. 803;
Railroad v. Shannon, 4 Ohio Cir. Ct. 449; Voss v. Rail-
road, 49 Super. Ct. 535; Railroad v. Bonders, 79 Ill.
App. 41; Lacs v. Breweries, 70 N. Y. Supp. 672; Sabine
& C. Co. v. Ewing (Tex.), 26 S. W. 638 (7 Tex. Civ.
App. 8); Fonda v. Railroad, 77 Minn. 336. $15,000:
Railroad v. Fortin, 107 Ill. App. 157; Reilly v. Rail-
road, 65 App. Div. 453; Barksdull v. Railroad, 23 La.
Ann. 180; Railroad v. Dorsey, 66 Tex. 148; Railroad v.
Dunn, 106 Ill. App. 194; Railroad v. Wilcox, 37 Ill.
App. 450 (8 L. R. A. 494); Roth v. Union Depot Co.,
13 Wash. 525; Woodbury v. Dis., 5 Mackey (D. C.) 127;
Railroad v. Thompson, 64 Miss. 584; Engler v. Tel.
Co., 69 Fed. 185 (foot crushed); Railroad v. Johnson,
76 Tex. 421; Railroad v. Crowder, 130 Ala. 256 (leg);
Schneider v. Railroad, 15 N. Y. Supp. 556; Solen v.
Railroad, 13 Nev. 106 (leg); Sears v. Railroad, 6 Wash.
227; Union Gold Co. v. Crawford, 29 Colo. 511; Mor-
gan v. South Pac. Co., 95 Cal. 501; Schultz v. Railroad,
46 N. Y. Sup. Ct. (14 J. & S.211); Mitchell v. Railroad,
70 Hun 387 (leg.); Pence v. Railroad, 79 Iowa 389;
Tedford v. Elec. Co., 134 Cal. 76; Galveston, etc., Co.
v. Newport, 65 S. W. 657; Railroad v. Spurney, 97 Ill.
App. 570; Railroad v. Sheeks, 56 N. E. 434; West.
Union Co. v. Engler, 75 Fed. 102; Railroad v. Wilcox,
33 Ill. App. 450 (leg). $15,500: Taylor v. Railroad

(Nev.), 69 Pac. 858. $16,044: Railroad v. Dooley, 86 Ga. 294; Railroad v. Fisher, 38 Ill. App. 33 (leg). $18,000: Stewart v. Railroad, 66 N. Y. Supp. 436 (54 App. Div. 623) affirmed 166 N. Y. 604. $18,500: Railroad v. Charless, 51 Fed. 562; Tuthill v. Railroad, 81 Hun 616 (30 N. Y. Supp. 959).

VALLIANT, J.—Plaintiff obtained a judgment for $23,400 damages for injuries to his person received in a collision of two street cars of defendant. The defendant appeals.

The plaintiff was a passenger on one of defendants street cars on what is called the Bellefontaine line, and as the car was crossing another track of defendant, called the Fourth street line, a car on the last-named track, aiming for the same crossing, struck the car in which plaintiff was riding, in consequence of which the plaintiff was thrown out of the seat and received severe injuries. The suit was begun in St. Louis, but taken by change of venue to Franklin county, where it has been twice tried. On the first trial there was a verdict for the plaintiff for $35,000, but the court sustained defendant's motion for a new trial, and the cause was tried again. On the second trial the verdict was for $23,400, and the court overruled defendant's motion for a new trial, whereupon the defendant took this appeal.

I. It appears from the respondent's abstract that when the appellant presented its bill of exceptions to the trial judge for his signing the plaintiff insisted that the argument of Mr. Hocker, the defendant's attorney, to the jury should be inserted in the bill of exceptions and for that purpose presented to the court the stenographer's report of that argument, but the court refused the plaintiff's request and signed the bill as it was offered by the defendant. Then the plaintiff excepted to that ruling and the court thereupon signed a bill of exceptions for the plaintiff which contained the argu-

ment, and respondent now asks that his bill of exceptions be taken as a part of the record in the case. The significance of this request is that in the argument of the defendant's counsel he frankly admitted to the jury that the accident was the result of defendant's negligence and that the only point on which the plaintiff and defendant could not agree was the amount of damages the plaintiff should have to compensate him for his injury—that he was injured to some extent, but not to the extent claimed by him.

Respondent contends, on the authority of what is said in Darrier v. Darrier, 58 Mo. 222, that this court should cause the defendant's bill of exceptions to be amended or corrected, by inserting the contents of the plaintiff's bill into it, or consider it done without going through the formality of doing it or requiring it to be done. We do not understand the case referred to as being a precedent for amending appellant's bill of exceptions in the manner proposed. But it would not materially alter the case if the bill of exceptions contained the admission referred to, because the admission was nothing more than what the uncontradicted evidence showed was the fact, and the counsel in frankly making the statement was not only discharging his duty to the court, but also discharging his full duty to his client, by presenting the case to the jury in the very best light in which it could be presented.

The evidence showed that the plaintiff was a passenger in one of defendant's cars which was struck by another of defendant's cars and he was thereby injured; it was therefore in legal contemplation the defendant's own hand that struck the plaintiff. When those facts were shown a prima facie case was made for the plaintiff and the burden of accounting for the collision was shifted to the defendant, but defendant offered no evidence on that point. The only evidence of-

fered by defendant was that of experts relating to the degree of the plaintiff's injuries.

II. The petition alleges that the defendant received the plaintiff on its car as a passenger, and for a valuable consideration paid by plaintiff undertook to carry him safely to his point of destination. In the instructions given for plaintiff the jury are told that if they should find certain facts, among them that "the defendant received the plaintiff as a passenger to be carried for hire," they should find for the plaintiff. There was no evidence that plaintiff paid any fare or that fare was demanded. The submitting of that question to the jury is assigned for error. The argument in support of the asignment is that the relation of passenger and carrier is created only by contract, and that under the general denial the burden was on the plaintiff to prove the contract alleged, and failing to offer any proof on that point there was nothing to go to the jury—citing in support of that proposition: Schepers v. Railroad, 126 Mo. 665; Schaefer v. Railroad, 128 Mo. 64.

Those cases do hold that the relation of passenger and carrier grows only out of contract, but they also hold that the contract is either express or implied. The evidence in this case shows that the plaintiff boarded one of defendant's street cars at Lucas avenue and was carried in it as far as the crossing of Park avenue and Gratton street where the accident occurred. The facts that he was received in the vehicle of a public carrier and was being carried in the manner of a passenger and nothing else appearing were sufficient for the inference that he was there under the implied contract that created the relation between him and the defendant of passenger and carrier. There was no error in submitting that question to the jury.

III. The petition alleges that while the plaintiff was in a car of the defendant, its servants so carelessly

and negligently managed another one of its cars by a
"negligent and violent rate of speed" that it was
brought into violent collision with the one in which
plaintiff was being carried and the accident resulted
therefrom.  In an instruction for the plaintiff the jury
were told that if they should find certain facts, among
them that the defendant "so negligently ran and oper-
ated said cars or either of them" as to cause the collis-
ion, the verdict should be for the plaintiff.  It is as-
signed for error that the words in quotation rendered
the instruction erroneous, as authorizing a recovery on
the finding of an act of negligence different from that
stated in the petition, that is to say, on the finding that
the car in which plaintiff was riding was negligently
managed.

If the instruction was broader than it should have
been the error does not reach the merits of the case.
According to the uncontradicted evidence the accident
was caused by the negligence of defendant's servants,
either those on the Fourth street car which crushed
into the Bellefontaine car, or those on the latter in not
avoiding the collision.  Error not affecting the merits
of the action is not to be regarded on appeal.  [Sec.
865, R. S. 1899.]

IV.  Appellant complains of the instruction given
for plaintiff on the measure of damages.  The testi-
mony for the plaintiff tended to show that his injuries
were such as caused great suffering, physical and men-
tal; that they disabled him from pursuing his avoca-
tion, and they were likely to be permanent.  The in-
struction complained of is as follows:

"If under the law and evidence you find the issues
in this cause for the plaintiff, the damages which you
may award him should be compensatory only, and in
estimating such damages you will take into considera-
tion and allow him for expenses for doctor's bill in-
curred, if any, in treating his injuries.  Also, compen-

sation for the time lost, if any, during his illness occasioned by his injury. And while the evidence may not prove any specific sum in dollars and cents that plaintiff may have been damaged by reason of physical pain and mental anguish, yet you may allow him what you believe to be just and fair to compensate him for such sufferings, if any. You will also take into consideration, in estimating his damages, his diminished capacity for earning money, if you so believe from the evidence, and on account thereof make him such allowance as you may believe to be fair and just for any loss that you may believe from the evidence he has sustained in the past by reason thereof, and for any loss you may believe from the evidence he may sustain in his future earnings by reason of such diminished earning capacity as may be occasioned by his injury."

The criticism of plaintiff's instruction is that it authorizes a recovery for loss of time and also for diminished earning capacity during the same period and for loss of what he may sustain in the future, with emphasis on the word "may."

The instruction does direct the jury to consider the plaintiff's loss of time and diminution of his earning capacity past and future, and possibly one reading that instruction might construe it to mean that plaintiff was to be compensated for time lost in the past and wages lost in the same past period by reason of diminished earning capacity, but that would be a strained construction and an unreasonable one. The value of his lost time could be estimated only by the value of his lost wages. During some of the time he might be entirely incapacitated and in some his earning capacity be only diminished. In view of this criticism we see how the instruction might have been worded so as to render it more accurate, but that may be said of almost every instruction when viewed under the microscope.

The learned counsel for appellant do not attach

much importance to that point, but do attach importance to another point in the instruction; they say: "The vital error in this instruction, however, is that it directs a recovery for loss of future earnings that the plaintiff may sustain by reason of diminished earning capacity that *may* be occasioned by his injury." The counsel give to the word "may" in that connection the meaning of the term, possibly might, and they say "this instruction violates the rule that future damages for injuries, pain or suffering must be confined to such as the evidence renders it reasonably certain will result from the injury." That is the correct rule as shown by the numerous cases cited in its support, among which are: Russell v. Columbia, 74 Mo. 480; Bradley v. Railroad, 138 Mo. 301; Chilton v. St. Joseph, 143 Mo. 192.

The word "may" used as an auxiliary verb has a wide scope of meaning, into which the idea of mere possibility enters, but it also comprehends the idea of probability and also the thought of what is with more or less certainty to be expected, and whether it is to carry the one thought or the other often depends on the context.

The word "may" is used in this instruction nine times; if we should erase it whenever it occurs and write in its place "possibly might," we would convert it into an intruction conveying a very different meaning from that which a casual reading of it now conveys.

This instruction is an almost literal copy of one approved by this court in Rodney v. Railroad, 127 Mo. 676, where the word "may" is used in the same sense.

The term "may sustain in the future" in reference to the same subject has been approved in other cases by this court. [O'Connell v. Railroad, 106 Mo. 484; Duerst v. Stamping Co., 163 Mo. 617.]

A safer word than may could be used to express the idea of probability or reasonable certainty, but we will not hold an instruction erroneous where the context

in the light of the facts of the case to which the instruction is applied shows that it is used to imply reasonable probability or reasonable certainty.

V. Lastly it is insisted that the damages are excessive. The testimony for the plaintiff tended to show that at the time of the accident he was 42 years old, in the prime of life, strong and healthy, weighing 190 pounds. By the collision he was thrown to the other side of the car in which he was seated, his back striking the edge of a seat on that side, inflicting a painful injury, and he was carried home in an ambulance; that he has never been able to stand or walk since that time; he has lost 40 or 50 pounds of weight; is required constantly to take purgatives to move his bowels; he has diabetes and paralysis of both his legs; and he has manifestation of progressive nervous decay; he is a helpless cripple and there is little hope of any improvement.

The expert testimony on the part of the defendant tended to show that the plaintiff's injuries were not as severe as he represented them to be; that the condition of his legs was due to *hysterical anasthesia,* which is a disturbance in the function of the central nervous system; and such cases usually get well. When recovery comes it is spontaneous. A physician who examined the plaintiff by order of the court found no evidence of *diabetes* nor *ankylosis.* Another learned witness testified that *traumatic neurosis* was not a disease but was a condition. "The nervous system is in a bad condition; that is, does not act in a proper manner, and they are mentally disturbed more easily, and they are very miserable, irritable, little things worry them, and they may lose flesh or else they may become weak as far as their muscular system is concerned. . . . Under proper conditions they recover sometimes very promptly, sometimes with time. They may run for the course of a year or two. . . . They do not die of

*traumatic neurosis.* . . . It is called *hysterical paralysis;* it is not a paralysis based upon a defined lesion of the spinal cord. . . . The recovery of sensation may be rapid or it may be slow—it may be blood or it may be paralysis.''

The award of the jury was $23,400.00. That award in our opinion is excessive. We recognize the difficulty in laying down a rule for the measure of damages in such cases and it is always with great hesitancy that we interfere with the verdict of a jury on this question, but we feel constrained to do so in this instance. In our opinion $15,000 would be a fair compensation to the plaintiff for the injuries he has suffered. If, therefore, the plaintiff sees fit within ten days to remit $8,400 of his award we will affirm the judgment; otherwise, the judgment will be reversed and the cause remanded for a new trial.

All concur, except *Marshall, J.,* not sitting.