JOHN R. ROBERTSON, Respondent, v. HAMMOND PACKING COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.

1. **MASTER AND SERVANT: Working Place: Passage.** The fact that a servant, an oiler in a packing house, had, in turning on and off lights, to step from joist to joist, is held negligence on the master's part.

2. ———: ———: ———: **Contributory Negligence.** It is the master's duty to exercise care commensurate with the nature of the business so as to protect the servant from the hazards incident thereto; and the servant's continuing in the employ after mere knowledge of the defect is not contributory negligence, unless the danger be glaring.

3. ———: ———: ———: **Instruction.** An instruction though awkwardly drawn is held to cover the law of the case.

4. ———: ———: **Pleading: Negligence.** The petition is held to state a cause of action under the law of negligence between master and servant as administered in this State.

Robertson v. Hammond Packing Co.

5. **DAMAGES: Personal Injury: Future Pain: Instruction: Negligence.** It is the rule,. following Reynolds v. Transit Company, 189 Mo. 408, that the use of the word "may," in an instruction relating to future suffering, is not error.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Vinton Pike* for appellant.

(1) The petition does not state a cause of action. Brewer v. Tenn. & Co., 97 Tenn. 615, 37 S. W. 549; Conroy v. Iron Works, 62 Mo. 38; Dist. Col. v. McElligat, 117 U. S. 621; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Meador v. Railway, 138 Ind. 290. 37 N. E. 721; Gowan v. Harley, 56 Fed. 937; Corcoran v. Light Co., 81 Wis. 191, 51 N. W. 328; Devore v. Railway, 86 Mo. App. 434-5. The Brewer and Corcoran cases pertinently illustrate this point. (2) Verdict should have been directed for defendant. (a) The injury to plaintiff was within the risk assumed by him. (b) *Volenti non fit injuria* applies. (c) The injury was the direct result of plaintiff's negligence. (d) The safety or unsafety of the place was patent and obvious, and as well known to the servant as the master. (e) The alleged promise of McLeod was no excuse. Zeigemeyer v. Cement Co., 88 S. W. 139, and cases cited; Mathias v. Stock Yards Co., 185 Mo. 434, 84 S. W. 66; Lee v. R. C., 87 S. W. 12, commenting on Mathias case; Biscuit Co. v. Nolan, 138 Fed. 6; Railway v. Whiffs, 138 Fed. 13; Railroad v. Kelton, 55 Ark. 483, 18 S. W. 933; Stephenson v. Duncan, 73 Wis. 404; Fugler v. Bothe, 117 Mo. 475, 22 S. W. 1113; Boden v. Roller Mill Co., 98 Wis. 407, 74 N. W. 91; Wood v. Tilestone, 65 N. E. 810, 182 Mass. 449; Blundell v. Mfg. Co., 88 S. W. 103, approving last two above and Marsh v. Chickering, supra; Harff v. Green, 168 Mo. 308, 67 S. W. 576; Lumber Co. v. Carter, 88 S. W. 598;

Gleason v. Mfg. Co., 94 Mo. 201, 7 S. W. 188; Wood Master and Servant, sec. 361, 744; Eureka Co. v. Bass, 81 Ala. 200, 7 So. 216, 218; Railway v. Williams, 82 Tex. 342, 18 S. W. 700; Davis v. Graham, 29 Pac. 1007; Daily v. Fiberloid Co., 186 Mass. 318, 71 N. E. 554; Glasscock v. Swafford, 106 Mo. App. 656; Whaley v. Coleman, 88 S. W. 119; Marshall v. Hay Press Co., 69 Mo. App. 256; Smith v. Packing Co., 85 S. W. 625; Reams v. Dry Goods Co., 99 Mo. App. 406; Stalzer v. Packing Co., 84 Mo. App. 565; Studewroth v. Packing Co., 106 Mo. App. 480-484; Baumwald v. Trenkman, 90 App. Div. 614, 88 N. Y. Supp. 182; Leitner v. Grieb, 104 Mo. App. 143; Dickenson v. Vernon, 60 Atl. 270; Bryant v. Paper Co., 60 Atl. 797; Meixner v. Brewing Co., 60 Atl. 259. (3) The cause—if one for the jury—was not correctly or fairly submitted. The instructions are conflicting, confusing and misleading. Railway v. Watson, 114 Ind. 20, 14 N. E. 721, 15 N. E. 824; Counsel v. Hall, 145 Mass. 468, 14 N. E. 530; Trotter v. Furniture Co., 101 Tenn. 257, 47 S. W. 425; Erdman v. Steel Co., 95 Wis. 6, 69 N. W. 993; 1 Bailey Pers. Inj., sec. 968, 331; Motch v. Railway, 82 Mo. App. 50; Welch v. Railway, 20 Mo. App. 477; Blundell v. Mfg. Co., 88 S. W. 105; Wood Mast. and Servt., sec. 334, p. 695-6; McHugh v. St. Louis, 88 S. W. 856. (4) Plaintiff's sixth instruction is erroneous in allowing recovery for pain and anguish which plaintiff may suffer in the future. Lockland v. Coal Mining Co., 110 Mo. App. 640; Ballard v. Kansas City, 110 Mo. App. 395.

*Grant S. Watkins* for respondent.

(1) Point 1 is not well taken. The petition stated a cause of action. Weston v. Mining Co., 105 Mo. App. 706; Shore v. Bridge Co., 86 S. W. 905. Curtis v. McNair, 173 Mo. 270. (2) Point 2 is not well taken. The evidence shown that the injury was caused on account of the failure of the defendant to furnish plaintiff a reasonably safe place to work and in failing to properly finish

said plant and construct runways which failure and the necessity of the same, were both admitted by defendant. Defendant had not only failed in furnishing runways, but had promised to furnish them. A risk which the law on the ground of public policy will not allow the servant to assume, will not imply that he has assumed. The servant never assumes the risk of the master's negligence. Shore v. Bridge Co., 86 S. W. 905; Dean v. Wooden Ware Works, 106 Mo. App. 179; Curtis v. McNair, 173 Mo. 271; Weston v. Mining Co., 105 Mo. App. 706; Smith v. Fordyce, 88 S. W. 687; Shepherd v. St. Louis T. Co., 87 S. W. 687. (3) Defendant complains in point 3, that the cause was not fairly submitted to the jury. We submit that the instructions were all more favorable than defendant was entitled to. Curtis v. McNair, 173 Mo. 270; Fouts v. Swift & Co. (Mo. App.), 88 S. W. 167; Park v. Suburban, 178 Mo. 119; Weston v. Mining Co., 67 Mo. App. 393. (4) The case was fairly tried. The judgment was clearly for the right party. Shore v. Bridge Co., 86 S. W. 905; State v. McGinnis, 158 Mo. 105; Bair v. Heibel, 103 Mo. App. 633; Mathias v. Stock Yards, 185 Mo. 462-3; Fouts v. Swift & Co. (Mo. App.), 88 S. W. 167; Myer v. Mfg. Co., 67 Mo. App. 393; Park v. Railway, 178 Mo. 120; Cole v. Transit Co., 183 Mo. 92; Weldon v. Railroad, 93 Mo. App. 674; Wendell v. House Furnishing Co., 165 Mo. 527; McKinstry v. Transit Co., 108 Mo. App. 20; Summer v. Metropolitan, 90 Mo. App. 691; Sherwood v. Railroad, 132 Mo. 345; R. S. 1899, sec. 6433-6446. On the whole record the verdict was for the right party. I respectfully ask that the case be affirmed. Shepherd v. Transit Co., 87 S. W. 1009; Purcell v. Tennant Shoe Co., 86 S. W. 123; Park v. Railway, 178 Mo. 119; State v. Vickers, 84 S. W. 908; Smith v. Fordyce, 88 S. W. 687.

ELLISON, J.—This action is for personal injury suffered by plaintiff on account of the alleged negligence

of the defendant.   Plaintiff recovered judgment in the trial court.

Defendant is a meat-packing establishment in the city of St. Joseph and plaintiff was one of its employees in the killing department at the time of his injury.   He worked over the cattle and sheep-killing floor, which was reached by means of a ladder, and his principal duties were to oil the machinery and to turn on and off electric lights, as either might be necessary.   This required him to walk from one place to another and, at the time of his injury, he was going across, overhead, to the switch to turn off light.   Defendant had not constructed any passageway (called "runway" by witnesses) from one point to another, and plaintiff walked over by stepping from one joist to another.   At a point near by a water-tank, there was a fall in this overhead structure of nearly twelve inches and, in attempting to step down to that level plaintiff fell through.   He was caught in the hip by one of the metal hooks upon which carcasses were hung and fell thence to the floor below.   He was seriously hurt.

The question whether the place described was a safe place to work by reason of no runways being provided from one point to another was duly submitted to the jury.   We consider defendant's negligence, in this respect, to have been amply shown and that it is liable to plaintiff's action, unless excused by the consideration that plaintiff was fully acquainted with the place, the surroundings and the provisions made for his safety.

On that phase of the case, the evidence tended to show that plaintiff had informed the foreman some two or three weeks previous that there should be runways constructed and that the foreman answered that he would have it done.   It is true that plaintiff knew they had not been constructed and, yet, he continued to work. But, in this connection, he stated that he thought he could continue his duties with safety by the exercise of

care. Within the principle of Huhn v. Railway, 92 Mo. 440, and Wendler v. People's Furnishing Co., 165 Mo. 527, the plaintiff made a prima facie case by that showing. Those cases have been constantly followed by the supreme and appellate courts; the principle announced therein being applied to a variety of situations between employer and employee, which resulted in personal injury to the latter.

It was the duty of defendant to exercise reasonable care, commensurate with the nature of the business, to protect plaintiff from the hazards incident to it. This is a duty imposed by the law and cannot be avoided by a master. [Curtis v. McNair, 173 Mo. 270.] That duty, it failed to perform; and the mere knowledge of the failure by the employee will not preclude his recovery, so long as the danger was not so glaring as to be apparent to any man of ordinary prudence, and he supposed that he could continue to perform his duties, by using ordinary care and caution.

The instructions given in plaintiff's behalf were within the rules of law, which we have just stated as obtaining in this State. The first one may appear somewhat awkward in its reference to "a passageway furnished by defendant;" when the case is practically bottomed on the fact that there was no passageway. Yet, the whole instruction rendered it plain that the passageway meant as the one furnished by defendant was the way over the joists, that is, by stepping from one to the other, instead of a way constructed by plank or other material so that one might walk from one point to another without danger.

One of the principal points made by defendant consists in an attack upon the petition, it being contended that it does not state a cause of action. What we have already written disposes of such objection. A cause of action is undoubtedly stated within the rulings on master and servant in this State, though there may not be

under the views announced in some other jurisdictions.

The plaintiff's sixth instruction relates to the measure of damages. It authorizes the jury to allow damages for mental pain and anguish, which plaintiff had already suffered and which "he may hereafter suffer." The defendant excepted to the instruction. He objects to the indefiniteness of the word "may" and cites opinions of the Courts of Appeals to sustain the exception. It was ruled by this court in Ballard v. Kansas City, 110 Mo. App. 395, and Albin v. Railway, 103 Mo. App. 308, and Bigelow v. Railway, 48 Mo. App. 374, and by the St. Louis Court of Appeals in Schwend v. Transit Co., 105 Mo. App. 534, that it was improper to use that word, in that connection, since it gave room for speculation and conjecture. But it seems that the Supreme Court has sustained instructions wherein the word now objected to was used in the same connection as in this case. [O'Connell v. Railway, 106 Mo. 484; Rodney v. Railway, 127 Mo. 676; Duerst v. Stamping Co., 163 Mo. 617.] And in the late case of Reynolds v. Transit Co., 189 Mo. 408, 88 S. W. 50, that court has taken up the question of the propriety of the use of that word and directly decided that it is not error to use it. All of the adjudications in this and other States agree that damages for future pain must not be conjectural, but they must be such as are reasonably certain. Being a matter in the future, in most instances, it cannot be known, absolutely, that pain, suffering and anguish will result or continue, and hence the rule has been so framed as to admit a consideration of that which is reasonably certain to happen. So, in point of fact, the difference in the rulings noticed arises, not from a difference as to the scope of the damages, but from different understandings of the meaning of the word "may." It is, however, not only necessary to the proper and uniform administration of the law that we adopt the decision of the Supreme Court, but it is our duty to do so.

We, therefore, hold the instruction complained of not to be erroneous.

A careful examination of all defendant's points of objection has not led us to believe that we should disturb the judgment and it is consequently affirmed.

All concur.

