# WALKER, Respondent, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, April 12, 1904.**

1. **STREET RAILWAYS: Negligence: Prima Facie Case.** In an action for injuries received by a collision with a street car, where the evidence of the plaintiff tended to show that ne attempted to drive between two cars which were motionless, being blocked, but was delayed by a vehicle moving across his route, when one of the cars suddenly started and struck his wagon, causing the injuries for whicn he sued, the question of negligence on part of the defenaant was properly submitted to the jury.

2. ——: ——: **Instruction.** Although the vigilant watch ordinance was not pleaded or introduced in evidence, the use in an instruction, of the terms of that ordinance was not prejudicial error.

3. **INSTRUCTIONS: Credibility of Witnesses: Discretion of Trial Judge.** The propriety of giving an instruction authorizing the jury to discredit the entire statement of any witness, believed to have willfully testified falsely in any material particular, rests largely in the judicial discretion of the trial judge, and the giving or refusing of such instruction does not compel a reversal.

4. **PERSONAL INJURIES: Elements of Damage: Future Consequences.** In an action for personal injuries, an instruction, which permits the consideration of future consequences of the injury as elements of damage, must confine it to such as are reasonably certain to result from the injury.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED.

*Dawson & Garvin* and *Leonard Wilcox* for appellant.

(1) The plaintiff should have been nonsuited. Moore v. Railway, 75 S.W. 676; Culberson v. Railway, 140 Mo. 64; Cogan v. Railway, 73 S. W. 741; Guyer v. Railway, 174 Mo. 351; Barrie v. Transit Co., 76 S. W. 708; Ries v. Transit Co., 179 Mo. 1; Davies v. Railway, 159 Mo. 9; Hanselman v. Railway, 88 Mo. App. 129; Boyd v. Railway, 105 Mo. 381; Watson v. Railway, 133 Mo. 251; Grocery Co. v. Railway, 89 Mo. App. 540; Rider v. Railway, 171 N. Y. 156. (2) Instruction No. 1 was misleading, prejudicial and reversible error. Harlan v. Railway, 65 Mo. 24; Sanitary Co. v. Transit Co., 98 Mo. App. 27; Martin v. Transit Co., 75 S. W. 613; Yarnall v. Railway, 75 Mo. 583. (3) It was reversible error to refuse instruction No. 13 asked by defendant. Campbell v. Railway, 75 S. W. 93; Guiney v. Railway, 167 Mo. 603. (4) Instruction No. 6, as to the credibility of witnesses was prejudicial, and should not have been given. Brazis v. Transit Co., 76 S. W. 710; Bunk v. Armstrong, 62 Mo. 74; Wheeler v. Sollace, 53 Mich. 357; Rothschild v. Ins. Co., 12 Mo. 361; Scott v. Allenbaugh, 50 Mo. App. 135. (5) Instruction No. 3 as to the measure of damages was reversible error. Plummer v. Milan, 70 Mo. App. 602; Bradley v. Railway, 138 Mo. 311; Bigelow v. Railway, 48 Mo. App. 374; Van Natta v. Railway, 133 Mo. 21; Hull v. St. Louis, 135 Mo. 618; Watson on Damages S. 314.

*Henry R. Hall* for respondent.

(1) It was not error to refuse appellant's instruction for nonsuit offered at the close of plaintiff's case and also after all the evidence was in. Linder v. St. Louis Transit Co., 77 S. W. 997. (2) Complaint is also made that it was reversible error to refuse instruction No. 13 asked by defendant, relating to the giving of signals, to-wit: "Whether the motorman gave signals or not it was the duty of plaintiff to look and listen before driving onto the track; and if you find from the evi-

dence that plaintiff failed to exercise ordinary care and failed to look and listen and thereby directly caused or contributed to the wagon and car coming in contact . . . then your verdict must be for the defendant." This instruction was properly refused. In another instruction the jury was told that plaintiff, to recover, must have used ordinary care at the time; and there was no call to instruct the jury as to the duty of plaintiff to "look and listen."

STATEMENT.

On December ninth, 1902, plaintiff, then in the United States government postal service, drove south from Morgan street along the west side of Seventh street, intending to gather up the mail deposited in box at northeast corner of Lucas avenue and Seventh street. The vehicle was a single-horse covered wagon, ordinarily used in St. Louis for such purpose, with a step in the rear upon which was standing the driver's assistant, who collected the mail from the letter boxes, and who jumped and escaped injury in the occurrence described. The testimony presented more than even the usual conflict, but the time was the forenoon either about eight or nine o'clock and, according to plaintiff's account, which received confirmation and corroboration in many important details from a bystander, a retail merchant, and his fellow mail collector. The street cars operating on the single street car track on Seventh street, in temporary use by defendant, but belonging to the Transit system, and then employed by cars of both, were blocked and stationary. The car of defendant later participating in the collision with the mail wagon was motionless on south side of Lucas avenue, with a clear space of fifteen feet dividing it from the next car north, whereupon plaintiff sought to guide his vehicle at a brisk trot across in such space between the two arrested cars and as he was thus proceeding, a wagon moving westwardly on

Lucas avenue turning northward on east side of Seventh street, momentarily delayed him in getting safely across in front of the car which, motionless up to that time, was started and struck about the center of the wagon and threw plaintiff against the side fracturing two of his ribs. Plaintiff's testimony further tended to show that the colliding car was still when he started across, and the motorman was inattentive to his duties, not looking ahead but with his head averted was looking around, or in conversation when he caused the car to move onward. As intimated, the version of the affair presented by the witnesses for defendant, a solitary passenger in the car and its two employees in charge, differed radically from the description by plaintiff and the witnesses on his behalf, and tended to establish gross negligence and reckless exposure to injury by plaintiff in driving directly in front of an approaching and moving car.

REYBURN, J. (after stating the facts).—1. The errors assigned are introduced at portal of the case by the deduction that the usual imperative instruction, asked at close of plaintiff's case and renewed at close of all the testimony, directing the jury that under the pleadings and the evidence, plaintiff could not recover and the verdict should be for defendant, should have been given. In determining such question, the evidence constituting plaintiff's case must be regarded most favorable to him. Meyers v. St. Louis Transit Co., 73 S. W. 379. Giving full credit to the version of plaintiff, there is a prominent feature displayed by the evidence presented here distinguishing this case from the authorities invoked from the Supreme Court as well as this court. In the class of cases relied on, the plaintiff either drove or stepped in front of a rapidly moving street car or railroad train; such are the facts in Cogan v. Cass Avenue, etc. Co., 73 S. W. 738; Watson v. Mound City, etc., Co., 133 Mo. 246;

Gettys v. Transit Company, 103 Mo. App. 564, and Renoe v. St. Louis, etc., Co., No. 10733, of Supreme Court, not yet reported. Plaintiff herein charged that the injuring car was still and motionless when he drove across its path and that the motorman, derelict in his duty negligently started and brought about the collision. Only in those instances where the undisputed facts are such that reasonable minds can draw no inference from them other than that plaintiff was at fault is such instruction warranted. Meyers v. Chicago, etc., Co., 77 S. W. 149. When, however, a given state of facts is such that reasonable men may fairly differ whether or not there was negligence, the determination of such question is for the jury. Warner, etc., v. Ball, etc., Co., 168 U. S. 339. Giving due credit to plaintiff's proof, under this rule, which is accorded general approval and repeatedly adopted in this State, the court properly relegated the question of negligence to the jury.

2. The first instruction impugned as misleading was a correct exposition of the theory of general negligence in the control, management and movement of the colliding car, upon which the right of action was based, and while the so-called vigilant watch ordinance was by the proof and pleadings omitted from the case, the mere use of ordinary terms employed therein was not prejudicial error. The instructions to the effect that no legal presumption of negligence should be indulged from the occurrence and authorizing the jury to discredit the entire statements of any witness believed to have willfully testified falsely in any material particular, while justified under proper conditions, belong to a class of instructions, the propriety of which rests largely in the sound judicial discretion of the trial judge, and the presence of either in or its absence from the record would not enforce reversal, and in the light of the facts established here we incline to defer to the opinion and action of the learned trial judge in this regard. Hartpence v. Rogers, 143 Mo. l. c. 634. An instruction,

identified throughout as number thirteen, substantially requiring the use by plaintiff of ordinary care and the exercise of his faculties in approaching and crossing a street railroad track, and requiring him to look and listen whether the motorman gave signals or not, asked by appellant, is comprehended so far as it was appropriate in the general terms of other instructions constituting the whole charge to the jury.

.3.    The language of the instruction determining the measure of damages is in violation of the general doctrine, that the future consequences must be rigidly confined to such as are reasonably certain to result from the injury and should not be amplified to those which are merely possible or even probable.    Schwend v. St. Louis Transit Co., 105 Mo. App. 534.    Under this instruction the jury were permitted to exceed the boundaries of legal certainty and stray into the prohibited range of personal conjecture and individual speculation regarding the ultimate injurious effect of the casualty.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.