MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. MITTIE ALLEN.

Decided January 23, 1909.

**1.—Personal Injuries—Permanent Injuries—Future Suffering.**

Evidence that the injury inflicted upon the head of plaintiff over the eye caused an indenture in the bone, which existed at the time of trial, which would cause plaintiff to have more or less headaches all the time and affect the sight of the eye about half, and cause dizziness and pain, and that these conditions would always remain, authorized a charge submitting the issues of permanent injury and future suffering.

#### 2.—Damages—Permanent Injuries.

A charge authorizing the jury to allow damages for permanent injuries to the person in such sum as they believe may accrue in the future, was not error. The use of the word "may" did not render it objectionable.

#### 3.—Married Women—Right to Sue Alone.

A married woman may sue alone for injuries to her person on proving that she and her husband have been separated for four years, that during that time she has been making a living for herself and child, and that during such time he has not contributed anything for their support, but has refused to assist her in any way, or have anything to do with them. The failure of the husband to contribute to the support of family for so long a time warrants the inference that had he been applied to, to join in the suit he would have declined.

#### 4.—Same—Capacity to Sue—Pleading.

Where a married woman sues alone and her petition shows her legal capacity to sue, and there is no verified pleading attacking it, the court may assume in its charge that she is authorized to maintain the suit in her own name. Revised Statutes, art. 1265.

#### 5.—Negligence—Injury to Passenger—Proximate Cause.

Evidence that the passenger had reached the car into which the conductor had directed her, and before she had time to take a seat in the car there was a train or engine propelled against the car with such force that she was thrown against the back of the seat and received the injuries sued for, authorized a finding of actionable negligence on the part of the carrier proximately causing the injuries.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Jno. T. Craddock* and *Coke, Miller & Coke,* for appellant.

*B. Q. Evans,* for appellee.

RAINEY, CHIEF JUSTICE.—The appellee instituted this suit against the appellant to recover damages for personal injuries received by her while a passenger on appellant's train through the negligence of appellant's servants. Appellant answered by general demurrer, general denial, and plead contributory negligence in general terms. A trial resulted in a verdict and judgment in favor of appellee for $1500, from which the railway company prosecutes this appeal.

The first assignment of error complains of the fourth paragraph of the court's charge, viz.: "If you find for the plaintiff you will allow her such sum as will now in cash reasonably compensate her for the physical pain and mental anguish, if any, she has suffered up to the time of this trial, and such suffering, if any, of a like character as she will reasonably and probably undergo in the future as the direct and proximate result of her injuries, if any, and also reasonable compensation for the loss, if any, that she has already sustained by reason of inability to labor and earn money; and if you find her injuries, if any, are permanent, then you will allow her such sum as will reasonably compensate her for such loss, if any, as may reasonably accrue in the future, as the result of said injuries, if any."

The contention is: The charge is erroneous wherein it authorizes the jury to determine whether or not the alleged injuries to the appellee were permanent and to allow her damages therefor, because the evidence was too vague, indefinite and uncertain to show that the alleged injuries were with any reasonable certainty or any reasonable probability permanent, and the charge upon this issue authorized the jury to go into the domain of uncertainty, speculation and conjecture.

The evidence shows that appellee was a passenger on appellant's train en route from Sterrett, Oklahoma, to Greenville, Texas. When the train reached Denison it stopped and the conductor instructed her to change coaches. She did so, and when she reached the coach to which the change was made and before she was seated the car was struck with great force and she was thrown against the back of the bench or chair, striking her head, over the eye, and her hip, causing her severe injury.

Dr. French, who treated her several times, testified in effect that there was a bruised place over the eye; that there was an indenture in the bony substance, which existed at the time of trial, which would cause her to have more or less headaches all the time and would affect her sight, especially the right eye. If stooping forward would cause her to have a dizzy spell and pain in the head at that point, and pains moving back to the top of the head, that could be caused by the effect of the pressure on the lining of the brain. The indenture of the bone against the brain substance or lining of the brain would account for the dizziness or blindness or partial blindness of that eye, too much pressure on the optic nerve. The right eye is impaired about half. Thought plaintiff's condition in the head and in the side and kidneys was serious and that the condition to the head was permanent. That the bruises and injury would diminish her ability to walk about twenty-five percent and that condition would always remain. Plaintiff testified to the injury and the effect thereof. The testimony adduced on the trial, we think, sufficiently shows that plaintiff's injuries were permanent and of sufficient force to require such an instruction as the court gave and to warrant the verdict rendered by the jury.

The other contention is: The charge was erroneous in allowing the jury in estimating the damages to award to the appellee such sum for permanent injuries as they believed "may" accrue in the future, whereas the jury should have been instructed that before anything could be allowed for alleged permanent injuries they must believe and find from the evidence that the injuries were permanent, and that the appellee would suffer loss in the future because such injuries were permanent. In reply to this contention we simply refer to the case of St. Louis S. W. Ry. Co. v. Garber, 108 S. W., 742, decided by this court, opinion by Mr. Justice Talbot, where a charge of similar import was given and it was held not to be error.

The second assignment of error is: "The court erred in its general charge to the jury and the same is upon the weight of the evidence in that it is therein assumed that the plaintiff was authorized to maintain this suit in her own name, because the evidence showed without contradiction that the plaintiff is a married woman, and

that she had not been divorced from her husband; and the evidence further showed that her husband knew nothing of the pendency of this suit or of the alleged accident to the plaintiff, and that he had not refused to join her in the suit and the evidence further failed to show that the separation of the plaintiff and her husband was not due to her fault." Plaintiff's petition alleges that she is a married woman; that her husband is W. H. Allen; that he has refused to join her in this suit; that he abandoned plaintiff in the month of June, 1904, and has lived separate and apart from her since said date, and has failed and refused and neglected to contribute anything to plaintiff's support, and failed and refused to do anything for the plaintiff to protect her in her rights, and has failed and refused to join her in this suit for her protection. The appellant filed no plea in abatement, nor does the record show any other plea contesting plaintiff's right to sue alone. The appellee says in her brief that "a verbal plea in abatement was made before the court and the issue was made and tried before the trial of the case, and the trial court overruled the plea in abatement." However this may be, we think the evidence adduced on the trial is sufficient to show that plaintiff was entitled to maintain this suit by reason of being abandoned by her husband. It shows that plaintiff and her husband had been separated about four years, since which time she had been making a living for herself and child, the husband during said time had not contributed one cent to the support of herself and boy, and had refused to assist her in any way. The plaintiff on this point testified: "He has never contributed, or has had nothing to do with me or the boy since he left us." She did not know where he lived and never had any communication with him in relation to the bringing of this suit. The husband had left plaintiff and her boy and had ceased to act as the head of the family. Having failed so long to contribute to the support of the family or to have anything to do with them, we think the inference is clearly deducible that had he been applied to to join in the suit he would have declined. She was left without his care and protection and under the circumstances was entitled to maintain the suit. (St. Louis S. W. Ry. Co. v. Griffith, 12 Texas Civ. App., 631; Wright v. Hays, 10 Texas, 130; Kelley v. Whitmore, 41 Texas, 648; Texas & Pac. Ry. Co. v. Fuller, 13 Texas Civ. App., 151.) Revised Statutes, art. 1265, requires, in effect, in order to attack plaintiff's "legal capacity to sue" the defendant must verify his answer by affidavit, unless the truth of the pleadings appear of record. The allegations of plaintiff's petition show plaintiff's legal capacity to sue and there was no verified plea attacking said capacity, therefore there was no error in the court's charge.

The court did not err in overruling the motion for new trial on the ground that the evidence fails to support the verdict of the jury, in that the evidence fails to show that there was any actionable negligence of the defendant proximately causing the injury to the plaintiff. The evidence shows that plaintiff had reached the car into which the conductor had directed her, and before she had time to take a seat there was a train or engine propelled against the car with such force that she was thrown against the back of the seat and re-

ceived the injuries sued for.   This warranted the jury in finding negligence.   The verdict is not excessive. , Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writt of error refused.