ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* GRIMSLEY.

Opinion delivered March 29, 1909.

1. CARRIERS—CONTRIBUTORY NEGLIGENCE—MUST BE PLEADED.—The defense of contributory negligence is not available unless pleaded.  (Page 69.)

2. SAME—DUTY TO KEEP SAFE WAITING ROOM.—While it was not accurate to instruct the jury that it was the duty of defendant railway company to keep its waiting room in a reasonably safe condition, the error was not prejudicial if other instructions given were to the effect that it was defendant's duty to exercise ordinary care in that respect. (Page 69.)

3. SAME—DUTY TOWARD THOSE ASSISTING PASSENGERS.—Carriers of passengers are required to exercise ordinary care to keep their waiting rooms in reasonably safe condition for those who go there to meet and assist incoming or outgoing passengers. (Page 70.)

4. WITNESSES.—DISCRETION OF COURT TO RECALL.—In an action for personal injuries, it was not an abuse of discretion for the court to permit plaintiff to be recalled, after defendant had closed its case, for the purpose of showing how much his time was worth, nor to refuse a continuance to permit defendant to rebut such evidence. (Page 70.)

5. DAMAGES—EXCESSIVENESS.—Where plaintiff fell through a seat, had his back hurt, was in bed 5 days, for 3 weeks could not put on his shoes without assistance, and had to hire help in gathering his crop, a verdict of $450 was not excessive. (Page 70.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellee sued appellant to recover damages for injuries received by him in falling through a seat in the passenger depot of appellant in the city of Texarkana, Arkansas. The seat had a defective bottom. Appellee alleged that he accompanied his daughter-in-law and her children to said depot for the purpose of aiding them to embark on said appellant's passenger train as passengers; that when they arrived at the depot he purchased a ticket for them and took a seat beside his daughter-in-law to wait for the train, and on account of the defective chair fell through it and was injured. Appellee alleged that appellant knew or should have known of the defective condition of the seat, and that, by reason of the negligence of appellant in failing to provide and maintain said seat in a reasonably safe condition, he had been damaged in the sum of $1500. He alleged how he was damaged.

The appellant answered denying all the material allegations, but did not set up contributory negligence as a defense.

The evidence on behalf of appellee tended to prove that on the 27th day of July, 1907, he went with his daughter-in-law and her two small children to appellant's depot in the city of Texarkana, for the purpose of purchasing her ticket and aiding her and the children in getting on the train. He says: "After purchasing her ticket, I handed her the ticket, and then monkeyed with the children a little, and then turned around and sat down on the seat right beside her. I fell through the seat, and it had my feet right up in my face. The seat was thin bottom and perforated. It was fastened with tacks, but was not fastened at all where I sat down. The front side was not tacked. I examined it, and could put my hand on it and mash it in, and when I took my hand off it would come back up again." The appellee then tells that he was hurt in his back, that he was in bed five days, and that for three weeks he could not put on his shoes unaided. He suffered much pain. Another witness testified that he saw the chair in which appellant was injured about one week before, that he started to sit down in the chair and noticed that the tacks were out of it. The chair was in plain sight in the middle of the room. The appellee was a farmer, had done most of his work on the farm to the time of his injury. He had a crop of corn and cotton planted. He had to hire help to have his crop gathered.

The court at the request of appellee gave the following instructions:

"2. You are instructed that it was the duty of the defendant to keep the seats in the waiting room in reasonably safe condition for the use of passengers who came to the depot for the purpose of taking the train or for those who came as escorts with them to assist them in taking the train. If you find that the plaintiff came to the depot with his daughter-in-law and her child for the purpose of aiding them in taking the train as passengers, and when in said depot he was injured in his person by reason of acts complained of in his complaint, then you will inquire whether said seat was in a reasonably safe condition when plaintiff sat down upon it. If you find that it was not in a reasonably safe condition when he sat down upon it, then you will inquire whether such condition was an act of negligence on the part of the defendant, and was such an act of

negligence as that some injury might have been foreseen or reasonably anticipated as the probable result of such an act of negligence. If you find the foregoing facts in the affirmative, then your verdict should be for the plaintiff.

"3. If you find for the plaintiff, then in assessing his damages you should take into consideration his earning capacity before and after the injury was received as may be shown by the proof, his physical condition before and after the injury and the nature and character of the injury he received, whether it be permanent or temporary in its nature, and find for him such sum as will fairly and reasonably compensate him therefor. And you are further instructed to include therein fair and reasonable compensation for any physical pain and suffering he may have undergone or may undergo in the future as a result thereof, if any."

The court gave among others the following at the request of appellant:

"The burden of the proof is on the plaintiff to show by a preponderance or a greater weight of evidence that plaintiff fell through the chair as alleged in the complaint, that the chair was defective, and that its defective condition was known to defendant, or that defendant by ordinary care should have known of its condition.

"10. Although the jury may believe that the seat in question was defective, yet if such defect was plain and plainly to be seen, and plaintiff discovered this defect or failed to use ordinary care in that direction, he can not recover."

And refused the following:

"7. The jury are instructed that it was the duty of the plaintiff, before attempting to sit down on the seat or chair upon which he attempted to sit, to have looked at the same; and if he failed to do so, and if the defect in the chair or seat was such as was plainly obvious and could have been seen or detected by simply looking at it, then he is guilty of contributory negligence, and cannot recover in this case."

The verdict was in favor of appellee in the sum of $450. Judgment was entered against appellant for that amount, and this appeal was taken.

*Lewis Rhoton* and *E. B. Kinsworthy,* for appellant.

1. Appellee was guilty of contributory negligence by his own confession, and cannot recover. 63 Ark. 427; 61 *Id.* 555; 76 *Id.* 13; 36 *Id.* 377; 84 *Id.* 270. Appellant's 7th instruction should have been given.

2. The 2d instruction makes appellant a guarantor or insurer of its premises against all injuries. 48 Ark. 491; Thompson on Neg. § 2680.

3. Appellee was not a passenger and did not intend to become one, but a mere licensee. Thompson on Neg. § 2687; 48 Ark. 491; 45 *Id.* 246; 29 Ohio, 264; Thompson Car. of Pass. pp. 104-5; 71 Ill. 500; 59 Pa. St. 129; 29 Ohio St. 364. The only duty of appellant was to use ordinary care to keep its premises free from known damages. 25 Mich. 1; 44 Ga. 251; 57 Me. 357; 78 Ind. 323; 86 Pa. St. 74; 120 Mass. 306; 48 Vt. 127.

4. It was error to allow appellee to be recalled as a witness after the evidence was closed. Besides, his evidence was incompetent. Thompson on Negligence, § § 7294-8.

*Joe E. Cook,* for appellee.

1. No abuse of discretion by the court in allowing appellee to be recalled. 83 Ark. 110.

2. The 7th instruction was properly refused. It is not a correct statement of the law. 65 Ark. 259; 85 *Id.* 481. Appellee was not guilty of contributory negligence merely because he did not look at or examine the chair before he sat in it. 69 Ark. 496; 92 Fed. 846; 163, U. S. 353; 4 A. & E. Enc. Law, 76 note 2; 74 Ill. App. 387, 396; 36 S. W. 319; 79 Wisc. 404; 155 Mass. 190; 85 Ark. 481. But instruction 10 covers the law on this point.

3. The duty of carriers to passengers to keep its platform and premises in reasonably safe condition extends to those who are there to meet or part with incoming or outgoing passengers. 77 Ala. 448; 11 Ind. App. 192; 37 N. E. 954; 36 Kans. 769; 51 Mich. 601; 59 Mo. 27; 59 Pa. St. 129; 57 So. Car. 332; 64 Tex. 251; 51 S. W. 653.

4. A person in a depot by invitation need not, as a rule, look out for danger, like one crossing or going on the tracks. 55 Ark. 428; 48 *Id.* 493; 65 *Id.* 259; 69 *Id.* 498; 65 *Id.* 255.

Wood, J., (after stating the facts.)   Appellant contends that appellee's own evidence shows that he was guilty of contributory negligence, and that the court should have so told the jury as matter of law, and should have granted appellant's request for peremptory instruction, because of appellee's contributory negligence.   The court's ruling was correct.   Appellant did not set up contributory negligence in its answer, and hence it was not an issue in the case. *St. Louis, I. M. & S. Ry. Co.* v. *Philpot*, 72 Ark. 23.   But, even if it had been pleaded, it was, at most, only a question for the jury under the evidence, and the court told the jury, in the first instruction given at appellee's request, to which no objection is urged here, that "ordinary care was required of appellee."   The court also in appellant's request ten presented the question of appellee's contributory negligence to the jury.   For the above reasons there was no error in the refusal of the court to grant appellant's prayer numbered seven.

The appellant complains that appellee's prayer number two given by the court makes appellant an insurer of its premises against all injuries.   The request in the first and second sentences was inaccurately worded in telling the jury that it was the duty of appellant to keep its waiting room in a "reasonably safe" condition, and that it was · their duty to inquire whether the seat was in a "reasonably safe condition."   For it was the duty of appellant only to exercise ordinary care to keep its waiting room in safe condition.   But the third and fourth sentences show plainly that the court intended to and did tell the jury that the point of inquiry was as to whether the waiting room was in an unsafe condition on account of the negligence of appellant, and that unless such condition existed through the negligence of appellant there would be no liability.   While the instruction was not aptly worded, and can not be approved as a precedent, it did not as a whole announce an erroneous principle.   The specific objection made to it was that "it did not define negligence, or incorporate the proposition of reasonable care."   But the court in other instructions had told the jury that appellee could not recover unless he proved that appellant knew or by the exercise of ordinary care should have known of the defective condition of the seat.   The instructions, taken as a

whole, correctly submitted the question of whether or not appellant was negligent in the manner charged in the complaint.

There was no error in refusing appellant's prayers to the effect that unless appellee was intending to become a passenger at the time of the injury he could not recover. The duty of carriers of passengers to exercise ordinary care to keep their waiting rooms in reasonably safe condition is for the benefit also of those who go there for the purpose of meeting and assisting the incoming or of aiding the outgoing passengers in such friendly offices as may be reasonably necessary for their convenience, comfort and safety. Such persons are upon the premises upon the implied invitation of the railroad company. *Railway Company* v. *Lawton,* 55 Ark. 432; *St. Louis, I. M. '& S. Ry. Co.* v. *Tomlinson,* 69 Ark. 489; *Montgomery & Eufala Ry. Co.* v. *Thompson,* 77 Ala. 448.

There was no error in permitting appellee to be recalled after the evidence was closed by appellant for the purpose of showing how much his time was worth, nor in refusing to continue the case at that juncture to permit appellant to rebut the evidence. The matter was in the discretion of the court, and no abuse of discretion is shown.

There was no prejudicial error in the giving of instruction number three on the measure of damages.

We could not reverse the judgment as excessive under the evidence, even if there were no other element of damage than the physical injury, and the consequent pain and suffering. The evidence sustained the verdict. The judgment is correct.

Affirm.