## STATE v. CAGE. (No. 8145.)

(Court of Civil Appeals of Texas. Ft. Worth.
April 24, 1915. Rehearing Denied
May 22, 1915.)

1. TAXATION ☞317—ASSESSMENT OF TAXES—
POWERS OF ASSESSOR.

An assessor has only the powers expressly
given by statute.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 525, 526; Dec. Dig. ☞317.]

2. TAXATION ☞362—ASSESSMENT OF TAXES—
POWERS OF ASSESSOR.

A general statute, requiring the assessment
of property for taxation, relates to current years
only, and does not authorize assessments for
prior years when other assessors were in office,
but special statutes expressly giving such au-
thority are necessary.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. § 601; Dec. Dig. ☞362.]

3. TAXATION ☞586—ENFORCEMENT OF TAX-
ES—STATUTORY PROVISIONS—CONSTRUCTION.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 7661, providing that no suit shall be
brought for taxes until after demand by the
collector, a right of action does not exist with-
out an assessment, for a tax collector cannot
make a lawful demand until the amount of the
tax has been determined by an assessment.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 1192–1195; Dec. Dig. ☞586.]

4. TAXATION ☞327—COLLECTION OF TAXES—
STATUTES.

Vernon's Sayles' Ann. Civ. St. 1914, art.
7566, authorizing an assessor to assess omitted
property for the years omitted, is not impliedly
repealed by article 7661, authorizing actions for
taxes after demand made by the collector, which
merely relates to the collection of taxes with-
out extending the power of assessors to assess
delinquent personal property for omitted years.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. § 550; Dec. Dig. ☞327.]

5. TAXATION ☞40 — ASSESSMENT — EQUAL-
ITY AND UNIFORMITY—CONSTITUTIONAL PRO-
VISIONS.

Vernon's Sayles' Ann. Civ. St. 1914, art.
7566, providing that any personalty which has
not been assessed for taxation every year for
two years past may be placed on the list and as-
sessed as other property is assessed, though con-
strued as limiting the power of the assessor to
assess personal property which has been omitted
for two years prior to his discovery of the omis-
sion, is not violative of Const. art. 8, § 1, pro-
viding that taxation shall be equal and uniform,
though under article 7702 omitted real property
may be assessed for any year or years since
1884, since article 7566 does not exempt per-
sonal property from taxation nor make any dis-
crimination in its favor, either in the rate of
taxation or in the mode of its assessment.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 68–89; Dec. Dig. ☞40.]

6. CONSTITUTIONAL LAW ☞42 — STATUTES —
VALIDITY—RIGHT TO QUESTION.

Under the rule that only those against
whom a discrimination is made by statute can
invoke the benefit of the Constitution, forbid-
ding discrimination, the state may not assail
the validity of Rev. St. art. 7566, authorizing
the assessment of omitted personal property, be-
cause discriminatory as against owners of real
estate.

[Ed. Note.—For other cases, see Constitution-
al Law, Cent. Dig. §§ 39, 40; Dec. Dig. ☞
42.]

7. TAXATION ☞195 — OMITTED PERSONAL
PROPERTY — STATUTES — VALIDITY — "EX-
EMPTION OF PROPERTY FROM TAXATION" —
"EXTINGUISHMENT OF INDEBTEDNESS FOR
TAXES."

Vernon's Sayles' Ann. Civ. St. 1914, art.
7566, authorizing the taxation of personal prop-
erty which has been omitted for two years past,
is not within the Constitution, prohibiting the
Legislature from releasing or exempting proper-
ty from taxation, or extinguishing any indebted-
ness owing by an individual or corporation to
the state or other municipal corporation, for a
failure of the Legislature to enact laws necessa-
ry to collect delinquent taxes for years beyond
the specified period is in no proper sense an ex-
emption of property from taxation nor an ex-
tinguishment of indebtedness for taxes.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 312, 313; Dec. Dig. ☞195.

For other definitions, see Words and Phrases,
First and Second Series, Exemption.]

8. TAXATION ☞592—ENFORCEMENT—ACTIONS
—PLEADING.

In an action by the county attorney in the
name of the state for state, county, and inde-
pendent school district taxes, defendant may not
rely on want of authority to institute the suit
because not authorized by the commissioners'
court of the county, where he filed no verified
plea denying the allegation in the petition of au-
thorization and offered no proof denying it.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. §§ 1205–1213; Dec. Dig. ☞592.]

Appeal from District Court, Erath County;
W. J. Oxford, Judge.

Action by the State of Texas against Mrs.
Janie Cage, community survivor of the es-
tate of J. H. Cage, deceased. From a judg-
ment granting insufficient relief, the State ap-
peals, and defendant presents a cross-assign-
ment. Affirmed.

Keith & Johnson, of Stephenville, and E. E.
Gaines, of Austin, for the State. Chandler &
Pannill, of Stephenville, and Stephens &
Miller, of Ft. Worth, for appellee.

DUNKLIN, J. J. H. Cage, a resident citi-
zen of Erath county, died intestate on Au-
gust 18, 1912. He had resided in that coun-
ty and in what is known as the "Stephen-
ville independent school district" for 25
years next preceding the date of his death.
His surviving wife, Mrs. Janie Cage, quali-
fied as administratrix of the community es-
tate of herself and her said husband. This
suit was instituted by the county attorney
of Erath county, in the name of the state of
Texas, against Mrs. Cage, as such adminis-
tratrix, to recover taxes alleged to have been
due and owing by the deceased from the
years 1899 to 1912, inclusive; the taxes so
alleged being in favor of the state of Texas,
Erath county, and the Stephenville indepen-
dent school district. The items of property
upon which taxes were claimed were amounts
on deposit in bank in favor of the deceased
on the 1st day of January of each of the
years mentioned, which he was entitled to
withdraw in money on demand. The trial
was before a jury, who returned special find-
ings showing the amount of money to the

credit of the deceased in bank upon each of those dates. Judgment was rendered for taxes on the amounts of such deposits on the 1st days of January of the years 1910, 1911, and 1912; the judgment being in favor of the state, county, and independent school district in separate amounts, and denying a recovery for taxes claimed for the other years mentioned. From the judgment refusing the demands for taxes for other years, the state has appealed.

The evidence shows that the amount of bank deposits mentioned above was not assessed until in the year 1912, when the tax assessor assessed it as unrendered property for each and all of those years. It was agreed between the parties that the taxes were duly and legally levied by the proper authorities in favor of the state, county, and school district for each and every year as alleged in plaintiff's petition, and in the amounts and at the rates as therein alleged.

It is apparent that the trial court refused to allow a recovery for taxes claimed for the years preceding the year 1910, by reason of the conclusion reached that the tax assessor had no legal authority to make assessments for those years, and the contention that the court erred in that conclusion is the only question presented for our determination.

Article 7566 of Vernon's Sayles' Texas Civil Statutes reads as follows:

"If the assessor of taxes shall discover in his county * * * or, outside of his county but belonging to a resident of the county, any personal property which has not been assessed or rendered for taxation every year for two years past, he shall list and assess the same for each and every year thus omitted which it has belonged to said resident, in the manner prescribed for assessing other property; and such assessment shall be as valid and binding as though it had been rendered by the owner thereof."

Article 7661 reads:

"Hereafter it shall be the duty of the district or county attorney of the respective counties of this state, by order of the commissioners' court, to institute suit in the name of the state for the recovery of all money due the state and county as taxes due and unpaid on unrendered personal property; and, in all suits where judgments are obtained under this act, the person owning the property on which there are taxes due the state and county shall be liable for all costs; provided, such suits may be brought for all taxes * * * due and unpaid for which such delinquent taxpayer may be in arrears for and since the year 1886; and provided, further, the state and county shall be exempt from liability for any cost growing out of such action; provided, all suits brought under this article for the recovery of taxes due on personal property shall be brought against the person or persons who owned the property at the time such property should have been listed or assessed for taxation; provided, that no suit shall be brought until after demand is made by the collector for taxes due; and provided, further, that no suit shall be brought for an amount less than twenty-five dollars."

Article 7566 was enacted in 1887, while article 7661 was enacted in 1888.

Appellant presents, substantially, the following propositions:

First. By article 7566 two years prior to its enactment is fixed as the date to which all future assessments of omitted personal property can extend; and to so construe that article would harmonize it with article 7702, making real estate assessable for all delinquent taxes accruing thereon since the year 1884. And in this connection it is suggested that the latter article, enacted in 1905, by implication repeals article 7565 enacted in 1888, fixing the year 1870 as the date to which assessments of omitted real property could extend.

Second. As article 7661 makes it the duty of the district or county attorney of the respective counties of the state, by order of the commissioners' court, to institute suit for taxes due and unpaid on personal property unrendered since the year 1886, the right of action is there conferred without an assessment, or else contemplates an assessment to be then made, and thus by implication repeals article 7566 in so far as the latter article limits assessments for omitted personal property to two years next preceding the assessments. And in this connection appellant cites article 7662, passed in 1895, which reads:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state or any county, city or town."

Third. If article 7566 limits the period for which omitted personal property may be assessed to two years next preceding the assessment, and if that article is not repealed by the later acts referred to already, then the limitation so fixed by article 7566 would be in violation of section 1 of article 8 of the Constitution of the state, which provides that "taxation shall be equal and uniform," because it is a discrimination in favor of the owners of personal property and against the owners of real estate, in that by article 7702 omitted real property may be assessed for any year or years since 1884.

Fourth. If by article 7566 the period for which omitted personal property may be assessed is limited to the period of two years next preceding the assessment, then the same operates to release the owners of such property from the payment of taxes contrary to, and in violation of, the following provisions of our state Constitution:

Section 55, art. 3: "The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this state, or to any county or other municipal corporation therein."

Section 2, art. 8: "And all laws exempting property from taxation, other than the property above mentioned, shall be void."

Section 5, art. 8: "All property of railroad companies, of whatever description, lying or being within the limits of any city or incorporated town within this state, shall bear its proportionate share of municipal taxation; and, if any such property shall not have been heretofore

rendered, the authorities of the city or town, within which it lies, shall have power to require its rendition, and collect the usual municipal tax thereon, as on other property lying within said municipality."

Section 10, art. 8: "The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town, from the payment of taxes levied for state or county purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each house of the Legislature."

[1, 2] It seems to be well settled that an assessor of taxes has only such powers as are expressly given by statute; that general statutes requiring assessment of property for taxation relate to current years only; and that, in order to authorize assessments for prior years when other assessors were in office, special statutes are required expressly giving such authority. State ex rel. Ferguson v. Howard, 80 Ind. 466; Pierson v. Minnehaha County, 28 S. D. 534, 134 N. W. 212, 38 L. R. A. (N. S.) 261, and authorities there cited.

In the case of Connell v. State, 55 S. W. 980, as well as in other cases there cited, and also in State of Texas v. Trilling, 62 S. W. 788, it was held that:

"No right of action exists for the nonpayment of an ad valorem property tax until an assessment has been made as provided by law."

And we are cited to no authority holding a contrary view. The Constitution of our state provides for the election of a tax assessor, but it does not define his duties or powers, and it cannot be questioned that he has such powers only as are conferred by our statutes.

[3, 4] The provision in article 7661 "that no suit shall be brought until after demand is made by the collector for taxes due" necessarily destroys the contention that by that article a right of action exists without an assessment, because the tax collector could not make a lawful demand for taxes due until the amount of such taxes has been first determined by an assessment of the property for taxation. We are of the opinion further that that article cannot be construed as impliedly authorizing an assessor to assess personal property for any year back to the year 1886, for, if it is so construed, it would repeal by implication, or else render useless, article 7566. It is a familiar rule that repeals by implication are not favored, and in our opinion article 7661 in no manner suggests that the Legislature in enacting it intended to repeal article 7566, which was then on the statute book and later was embodied in our Revised Statutes. We are of the opinion further that it would be a strained construction of article 7661 to say that in enacting it the Legislature intended thereby to extend the power of the assessor to assess delinquent personal property back to the year 1886. Our construction of article 7661 is that no more was intended than that suit should be instituted for collection of such delinquent taxes only as had been properly levied and assessed.

We think it clear that by article 7566 it was intended that at any time after the enactment of that statute the assessor could assess such personal property which had been omitted for two years prior to the time the assessor discovers such omission, and we overrule appellant's contention that by that article two years prior to its enactment was made the period to which all assessments of personal property thereafter made could extend.

[5] In support of the contention that, if article 7566 is to be construed as limiting the period of time for which omitted personal property can be assessed, then the same would be in violation of the constitutional provision that "taxation shall be equal and uniform," the case of Gilman v. City of Sheboygan, by the Supreme Court of the United States, reported in 2 Black, 510, 17 L. Ed. 305, is cited. In that case it was held that a tax which was levied exclusively upon real estate was a discrimination in favor of personal property, and therefore unconstitutional. Appellant cites, also, the case of Exchange Nat. Bank of Columbus v. Hines, 3 Ohio St. 1, in which the following language is used:

"'Taxing' is required to be 'by a uniform rule'; that is, by one and the same unvarying standard. Taxing by a uniform rule requires uniformity, not only in the rate of taxation, but also uniformity in the mode of the assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation; and this equality of burden cannot exist without uniformity in the mode of the assessment, as well as in the rate of taxation. But this is not all. The uniformity must be coextensive with the territory to which it applies. If a state tax, * * * it must be uniform throughout the extent of the territory to which it is applicable. But the uniformity in the rule required by the Constitution does not stop here. It must be extended to all property subject to taxation, so that all property may be taxed alike, equally —which is taxing by a uniform rule."

Neither of these decisions support the contention last suggested, since article 7566 does not purport to exempt personal property from taxation, nor does it appear that there is any discrimination in favor of personal property either in the rate of taxation, or in the mode of its assessment. The fact that the Legislature has seen proper to fix different periods of time for such assessments of real and personal property does not, in our opinion, render article 7566 inimical to the constitutional provision last mentioned. It is proverbial that exact uniformity in taxation as a practical proposition is impossible of attainment, and the extreme difficulty of tracing the ownership of personal property for a long period of time prior to an assessment, in contrast with the ease and certainty of assessments on omitted real property, in connection with other circumstances that might be mentioned, shows that the distinction made in favor of personal property is not an arbitrary one, but has a reasonable basis, and is as well justified as is the distinction made in our statutes of lim-

itation fixing different periods for suits of different kinds. Florida Cent., etc., Ry. Co. v. Reynolds, 183 U. S. 471, 22 Sup. Ct. 176, 46 L. Ed. 283; 4 Encyc. U. S. Sup. Ct. Reports, page 394, and other decisions there cited.

[6] But, aside from the reasoning thus advanced, it is clear that the state is in no position to invoke that constitutional provision, since the discrimination, if any, made by the statutes, was not against the state, but was against the owners of real estate. It is a familiar rule that only those against whom a discrimination is made by statute can invoke the benefit of the Constitution forbidding such discrimination. See 8 Cyc. 791; Smiley v. Kansas, 196 U. S. 447, 25 Sup. Ct. 289, 49 L. Ed. 546; 6 Ruling Case Law, §§ 87-90, and decisions there cited.

[7] We are of the opinion further that the failure of the Legislature to require assessments of omitted personal property for a period beyond "two years past" is not in violation of the articles of the Constitution quoted above, in effect, prohibiting the Legislature from releasing or exempting property from taxation or extinguishing the indebtedness owing by an individual or corporation to the state, or other municipal corporation. The Legislature could have extended the periods of time for assessments of omitted real or personal property beyond the periods fixed by the statute, but it has not seen proper so to do. The situation presented is, simply, that the Legislature has failed to enact laws necessary to collect delinquent taxes for years beyond certain periods; and such failure is in no proper sense an exemption of property from taxation nor of extinguishment of indebtedness for taxes.

[8] By cross-assignment appellee contends that the court erred in rendering judgment in favor of the Stephenville independent school district for $242.18, because there was no evidence to support the allegation contained in plaintiff's petition that the commissioners' court of Erath county had authorized and directed the county attorney of that county to institute suit to collect those taxes, as well as taxes due the state and county. This assignment is overruled because defendant filed no verified plea denying that allegation and offered no proof to controvert it. I. & G. N. Ry. Co. v. Bradt, 57 Tex. Civ. App. 82, 122 S. W. 59; M., K. & T. Ry. Co. v. Allen, 53 Tex. Civ. App. 433, 115 S. W. 1179; Kaack v. Stanton, 51 Tex. Civ. App. 495, 112 S. W. 702.

Several other cross-assignments are presented to the action of the court in overruling special exceptions to plaintiff's petition, presenting such objections to the petition as that it failed to properly describe the property omitted from assessments, and presented only legal conclusions instead of necessary allegations of fact, etc., all of which assignments are overruled, since it does not appear that the error, if any, in overruling such exceptions, resulted in any harm to appellee.

For the reasons indicated, the judgment is affirmed.