# MIDLAND VALLEY CO. v. HILLIARD.

## No. 3978.   Opinion Filed May 11, 1915.

### (148 Pac. 1001.)

1. **Carriers—Duty to Passenger—Care Required.** While a carrier of persons is not an insurer, yet, under the statutes of this state, it is charged with the highest degree of care to prevent injury. The utmost care and diligence must be used for their safe carriage and everything necessary for that purpose must be provided, and a reasonable degree of skill must be exercised. Section 800, Rev. Laws 1910.

2. **CARRIERS—Injury to Passenger—Derailment of Train—Burden of Proof.** In a suit by a passenger for injuries occasioned by the derailment and wreck of a train, proof of such derailment and wreck, the circumstances thereof, and the injury occasioned thereby makes a **prima facie** case of negligence, and casts upon the carrier the burden of showing that it was not negligent. .

3. **CARRIERS—Injury to Passenger—Derailment of Train—Negligence—Question for Jury.** In a suit by a passenger against a carrier for personal injuries, when plaintiff has shown that he was a passenger, that the train upon which he was riding was wrecked, and that he received injuries as a direct result of the wreck, thus making for himself a **prima facie** case, based upon the presumption and inference of negligence arising from the facts proven, and this presumption is met by evidence of defendant, tending to exonerate itself from any negligence, the question of whether such evidence is sufficient for this purpose is, ordinarily, a question to be determined by the jury.

4. **DAMAGES—Personal Injuries—Future Suffering.** The damages recoverable for bodily pain and suffering are not limited to that which is past, if the proof renders it reasonably certain that the party must suffer in the future. In estimating the pecuniary loss in such cases, all the consequences of the injury, future as well as past, are to be taken into consideration, including bodily pain which is shown by the proof to be reasonably certain will necessarily result from the injury.

5. **DAMAGES—Personal Injuries—Instructions—Future Pain.** An instruction as to damages recoverable in a personal injury suit which allows plaintiff to recover "such sum as you deem the reasonable value of loss of time from his labors, if any time was necessarily lost by reason of his injuries, the bodily and mental

pain suffered by him, or that may be suffered," etc., while not in a form to be commended, yet, when the clause "may be suffered" is considered in connection with the context and the other instructions, its use will not work a reversal, on the ground that it allows a recovery for pain not reasonably certain to flow from the injuries.

(Syllabus by Brewer, C.)

*Error from District Court, Muskogee County;*

*R. C. Allen, Judge.*

Action by Andrew Hilliard against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed on condition.

*Edgar A. De Meules* and *Sol H. Kauffman,* for plaintiff in error.

*J. A. Dial* and *W. P. Miller* and *Guy F. Nelson,* for defendant in error.

BREWER, C. Plaintiff below, Andrew Hilliard, took passage on defendant's railway on June 19, 1911, at the town of Avant, for the purpose of going to Pawhuska. He had with him some children and his personal baggage. In a few minutes after boarding the train, and within about a half mile from where he boarded it, and while he was in the act of paying the conductor his fare, the coach in which he was riding fell through a bridge into the waters of Turkey creek. The engine, tender, and all the other coaches remained on the track. Hilliard got himself and children out of 3 or 4 feet of water in the fallen coach onto the top of said car, from which place they were rescued and taken to the land. He was cut and bruised in various places, and materially injured, and brought this suit to recover for his personal injuries and the loss of his personal effects, and asked judgment for $1,700.

After proving his relation as a passenger, the circumstances of the wreck, and his injuries, plaintiff rested his case. For a defense the railway company pleaded "act of God and unavoidable casualty." To support such plea, defendant offered evidence tending to show that Turkey creek, ordinarily and for considerable portions of the year, had very little water in it, and what there was was confined largely to pools of standing water; that said creek headed 3 or 4 miles from the place of said accident in a hilly, timbered region, and was a creek with high banks; that the bridge over same was made of wood, resting on wooden piles driven into the ground, and was about 150 feet in length, and extended from bank to bank; that said bridge had been put in some years before, according to standard specifications for such structures, and that it had been inspected from time to time, and as late as June 5th, prior to its collapse. Evidence was also introduced tending to show that on the night of the accident there was an exceedingly heavy rainstorm, especially towards the headwaters of said creek, which resulted in 6 or 8 feet of water coming down the creek in a very short period of time, bringing with it logs, treetops, and driftwood. Evidence was also introduced by defendant to the effect that when leaving Avant the train crew had received orders that on account of the storm they should proceed slowly and with caution. The engineer testified that he went over the bridge at the rate of about 10 miles per hour; that as he approached it he saw a light, but that no proper signal was given with the light requiring him to slow down; that, as lights and signals were frequently seen in that section of the country, he paid no attention to it. Other evidence showed that people living near this creek had been attracted to the bridge through the roar of the rising waters, which was plainly heard by them; that the section house of the railway company was about 160 yards from said stream; that several farmers were at the approach to said bridge when the train approached; that one of them, who had formerly been a railroad man, had a lantern with him and moved it in his hand as though making some kind of signal. This man

was not a witness at the trial, however, and the other persons who were at said bridge at the time of the accident were unacquainted with railroad signals, and were unable to say that the movement of the lantern was a signal to stop. This was evidently the light the engineer admitted seeing on his approach to the bridge. It does not appear that any of the section crew had observed anything unusual, or at least sufficient to attract them there.

At the close of the evidence the railway company requested the court to instruct the jury to return a verdict in its favor. This was refused; and after general instructions by the court the jury returned a verdict in favor of plaintiff for $946, from which judgment the railway company appeals.

Two propositions are argued in brief for reversal of this cause: (1) That the court erred in refusing a peremptory instruction to find for defendant; (2) that the court erred in giving its instruction numbered 4. These points will be considered in the order named.

1. The statutes of this state impose on a carrier of passengers a very high degree of care. Section 800, Rev. Laws 1910, reads:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

This statute and the duty it imposes is quoted and discussed in the case of St. Louis & S. F. R. Co. v. Nichols, 39 Okla. 522, 136 Pac. 159, where a number of Oklahoma decisions are collected, and wherein the rule pertinent and applicable to the case at bar is stated as follows:

"In a suit by a passenger for injuries occasioned by the derailment and wreck of a train, proof of such derailment and

wreck, the circumstances thereof, and the injury occasioned there-by makes a *prima facie* case of negligence and casts upon the carrier the burden of showing that it was not negligent."

In fact, it may be said that, where a passenger is suing a carrier for injuries received, proof establishing this relation, together with the facts and circumstances of the wreck of the vehicle in which he is being transported, together with proof that he received injuries because of the wreck, makes a *prima facie* case of negligence against the carrier, casting upon the carrier the onus of showing by the evidence that it has exercised the utmost care for the safety of its passengers, and that the injury was not the result of any negligence upon its part. Indeed, this rule is not disputed. It is so generally applied in this country that it needs no further citation of authority; but, admitting the rule, the contention is here made that, although the circumstances of his case, as shown, made a *prima facie* case of negligence, yet when the railway company introduced evidence tending to show proper construction and due care, that this presumption was fully and finally rebutted, and that the court should have declared, as a matter of law, that there was no liability, unless plaintiff returned to his case and made proof of specific acts of negligence. On the other hand, plaintiff insists that the presumption and infer-ence of negligence arising from the facts shown by him are not destroyed by the mere introduction of exculpatory evidence on the part of defendant; that, when such a condition arises, it is for the jury to determine whether or not the evidence of defend-ant is sufficient to rebut and destroy the presumption and inference of negligence. This brings us to the precise point to be decided.

In *Kohmer v. Capital Traction Co.*, 22 App. D. C. 181, 62 L. R. A. 875, it is said:

"The plaintiff have proved a *prima facie* case of negligence; the defendant has offered an explanation which tends to show that there was no such negligence. This raises a disputed question of fact, proper to be passed upon by the jury, under instructions

duly formulated by the court for the purpose. Unless, therefore, we are to adopt the theory that the plaintiff's *prima facie* case only lasts until the defendant has offered some explanation, and that such explanation, whether true or false, destroys the presumption of negligence raised by the plaintiff's proof and casts upon the plaintiff the necessity of proving by additional testimony in rebuttal that, notwithstanding the explanation, there was, in fact, negligence on the part of the defendant, there is no escape from the conclusion that the case must be submitted to a jury. But we find no warrant in reason or in adjudicated cases for such a theory. * * * No case has been pointed out where a verdict has been directed for the defendant because the defendant's explanation has tended to controvert the presumption of negligence, and the explanation itself has remained uncontroverted by testimony in rebuttal. We find that in all the cases the question of the defendant's negligence, under such condition of the testimony, has been submitted to the jury for its determination."

In *Chicago City Ry. Co. v. Barker, Adm'r*, 209 Ill. 321, 70 N. E. 624, it is held in the syllabus:

"Whether defendant's evidence in explanation of the manner in which its electric car escaped from the man in charge is sufficient to overcome the *prima facie* case of negligence arising from its running wild and colliding with plaintiff's wagon is a question for the jury."

In *Dormer v. Alcatraz Paving Co.*, 16 Pa. Super. Ct. 407, it is held:

"When a presumption of negligence has once arisen, either as matter of law, or from affirmative evidence of acts of commission or omission, it remains until overcome by countervailing proof, and whether it is overcome is a question of fact for the jury."

In *Kennedy v. McAllaster et al.*, 31 App. Div. 453, 52 N. Y. Supp. 714, it is held:

"In an action for negligence in the care of an elevator, where the presumption of negligence arose from proof of the accident, the credibility and sufficiency of defendant's testimony to overcome it was for the jury."

The following cases are directly in point and announce the same rule: *Savannah & Western R. Co. v. Phillips,* 90 Ga. 829, 17 S. E. 82; *Simone v. Rhode Island Co.,* 28 R. I. 186, 66 Atl. 202, 9 L. R. A. (N. S.) 740; *Chicago City Ry. Co. v. Erick,* 111 Ill. App. 452; *Hipsley v. K. C., St. J. & C. B. Ry. Co.,* 88 Mo. 348.; *McCafferty v. Pennsylvania R. Co.,* 193 Pa. 339, 44 Atl. 435, 74 Am. St. Rep. 690; 21 Am. & Eng. Encyc. of Law, 508.

We think, from a reading of the foregoing authorities, and upon reason, that when, as in this case, plaintiff has shown that he was a passenger upon a common carrier, and that the train upon which he was riding at the time had been wrecked, together with the circumstances attending the wreck, and that he has suffered physical injuries as a direct result thereof, thus making for himself a *prima facie* case, based upon the presumption and inference of negligence arising from the facts proven, and this presumption is answered by evidence of defendant tending to exonerate itself from any negligence, that the question as to whether this evidence is sufficient for this purpose is, ordinarily, one to be determined by the jury.

2. Instruction No. 4, complained of, is an instruction defining the measure of damages in this case and explaining the elements and items thereof that may be recovered. The first specific objection is directed to a paragraph of this general instruction dealing with the question of "future bodily and mental suffering"; and the part thereof necessary to make the point clearly appear is as follows:

"* * * You may, in addition to * * * allow the plaintiff such sum as you deem the reasonable value of loss of time from his labors, if any time was necessarily lost by reason of his injuries, the bodily and mental pain, if any, suffered by him, or that may be suffered by reason of his injury. * * *"

Still further narrowing the matter down, the objection is directed to the following words:

"Or that may be suffered by reason," etc.

This objection is not, primarily, based upon the fact of allowing a recovery for future suffering, but is because it is claimed that the language used would permit a recovery for such suffering, whether it would be reasonably certain to follow from the injury sustained or not. As a predicate for this argument, the statement of the law by Mr. Sutherland in his work on Damages (3d Ed.) vol. 3, sec. 944, is relied upon. Said section follows:

"The damages recoverable for bodily pain and suffering are not limited to that which is past, if the proof renders it reasonably certain that the party must suffer in the future. In estimating the pecuniary loss in such cases all the consequences of the injury, future as well as past, are to be taken into consideration, including bodily pain which is shown by the proof to be reasonably certain will necessarily result from the injury."

To sustain the claim that such an instruction is so erroneous as to require a reversal of the case, numerous decisions are cited. A number of these decisions, holding that such an instruction is fatally defective, turn upon the meaning to be given to the word "may," and in several of them it seems to have been given the meaning "possibly might." Giving it this meaning, the decisions mentioned very naturally conclude that damages which "possibly might" follow an injury are a very different thing to damages which will be "reasonably certain" to follow such an injury. But, on the other hand, many other courts of equally as high standing have taken a different view of the language used.

As we have said, the railway company presents in its brief a number of cases fully sustaining the point it makes, among them being the following: *Ballard v. Kansas City*, 110 Mo. App. 391, 86 S. W. 479; *Schwend v. St. Louis Transit Co.*, 105 Mo. App. 534, 80 S. W. 40; *McKinstry v. St. L. T. Co.*, 108 Mo. App. 12, 82 S. W. 1108; *Walker v. St. L. & S. Ry. Co.*, 106 Mo. App. 321, 80 S. W. 282; and *Haas v. Railway Co.*, 111 Mo. App. 706, 90

S. W. 1157. Quotations from these cases are freely used, but in examining them we find them all to be Missouri cases, decided in one or other of its various Courts of Appeals. This doctrine does not seem to have met with the favor of, or been followed by, the Supreme Court, which we understand to be the court of last resort in that state; for the identical point involved is discussed quite at length by the Supreme Court of Missouri in the case of *Reynolds v. St. L. Transit Co.,* 189 Mo. 408, 88 S. W. 50, 107 Am. St. Rep. 360, wherein it is said:

"They say [appellant's counsel]: 'The vital error in this instruction, however, is that it directs a recovery for loss of future earnings that the plaintiff may sustain by reason of diminished earning capacity that may be occasioned by his injury.' The counsel give to the word 'may' in that connection the meaning of the term 'possibly might,' and they say: 'This instruction violates the rule that future damages for injuries, pain, or suffering must be confined to such as the evidence renders it reasonably certain will result from the injury.' That is the correct rule, as shown by the numerous cases cited in its support, among which are *Russell v. Columbia,* 74 Mo. 480, 41 Am. Rep. 325; *Bradley v. Railway,* 138 Mo. 301, 39 S. W. 763; *Chilton v. St. Joseph,* 143 Mo. 192, 44 S. W. 766. The word 'may' used as an auxiliary verb, has a wide scope of meaning, into which the idea of mere possibility enters, but it also comprehends the idea of probability, and also the thought of what is with more or less certainty to be expected, and whether it is to carry the one thought or the other often depends on the context. The word 'may' is used in this instruction nine times. If we should erase it whenever it occurs and write in its place 'possibly might', we would convert it into an instruction conveying a very different meaning from that which a casual reading of it now conveys. This instruction is an almost literal copy of one approved by this court in *Rodney v. Railroad,* 127 Mo. 676, 28 S. W. 887, 30 S. W. 150, where the word 'may' is used in the same sense. The term 'may sustain in the future,' in reference to the same subject, has been approved in other cases by this court. *O'Connell v. Railway,* 106 Mo. 484, 17 S. W. 494; *Duerst v. Stamping Co.,* 163 Mo. 617, 63 S. W. 827. A safer word than 'may' could be used to express the idea of probability or reasonable certainty; but we will not hold an instruction erroneous, where the context, in the light of the facts of the case to

which the instruction is applied, shows that it is used to imply reasonable probability or reasonable certainty."

We also note that after the above decision the Kansas City Court of Appeals, in *Robertson v. Hammond Pack. Co.,* 115 Mo. App. 520, 91 S. W. 161, held that the use of the expression "may hereafter suffer" was proper, and expressly overruled the former holdings of the court. These words, used in an instruction, have been considered and held insufficient to reverse a case in the following other cases in the Missouri court: *Fisher v. Transit Co.,* 198 Mo. 562, 95 S. W. 917; *Dean v. K. C., St. L. & C. R. Co.,* 199 Mo. 386, 97 S. W. 910; *O'Keefe v. United Rys. of St. Louis,* 124 Mo. App. 613, 101 S. W. 1144.

The railway company also relies upon and quotes from *Fry v. Railway Co.,* 45 Iowa, 416; but the doctrine of that case seems to have been substantially departed from in later cases in that court. We have also noticed, without going into further details of the matter, that other states which formerly held with the contention of the railway company are no longer doing so.

In the case of *Muncie Pulp Co. v. Hacker,* 37 Ind. App. 194, 76 N. E. 770, the court held that an instruction allowing a recovery for "his pain and suffering already endured and that may be endured" was not objectionable and said that:

"The use of the word 'may' is not altogether correct, but we are not prepared to say that the instruction as given necessarily permitted the jury to go onto the field of probability or speculation."

In *P., C., C. & St. L. Ry. Co. v. Collins,* 168 Ind. 467, 80 N. E. 415, a similar ruling was made. In Texas, in the case of *St. L. S. W. Ry. Co. v. Garber,* (Tex. Civ. App.) 108 S. W. 742, the court said:

"In an action for personal injuries, the jury was instructed to take into consideration, in estimating plaintiff's damages, such

physical pain and mental anguish as he 'may reasonably and probably suffer' in the future as a result of his injuries. Defendant contended that the court should have used the expression 'will reasonably and probably suffer.' Held, that there is no substantial difference between such expressions, and that the jury could not have been misled by the charge as given."

A similar instruction was approved in *M., K. & T. Ry. Co. v. Allen,* 53 Tex. Civ. App. 433, 115 S. W. 1179. The Supreme Court of Arkansas, in *St. L., I. M. & S. Ry. Co. v. Grimsley,* 90 Ark. 64, 117 S. W. 1064, while considering the following instruction: "And you are further instructed to include therein fair and reasonable compensation for any physical pain and suffering he 'may' have undergone, or 'may' undergo in the future, as a result thereof, if any"—said: "There was no prejudicial error in the giving of instruction No. 3, on the measure of damages."

Reference may also be had to the following cases: *Ches. & O. Ry. Co. v. Hawkins,* (Ky.) 124 S. W. 836; *L. & N. Ry. Co. v. Roe,* 142 Ky. 456, 134 S. W. 437; *Ill. Cent. Ry. Co. v. Davidson,* 76 Fed. 517, 22 C. C. A. 306; *Gallamore v. City of Olympia,* 34 Wash. 379, 75 Pac. 978; *Harris v. Brown's Bay Lumber Co.,* 57 Wash. 8, 106 Pac. 152; *Nichols v. Brabazon,* 94 Wis. 549, 69 N. W. 342; *Union Gold Min. Co. v. Crawford,* 29 Colo. 511, 69 Pac. 600.

In the instant case there was sufficient proof to indicate a reasonable certainty of future suffering. Plaintiff had not recovered from his injuries at the time of the trial; nor was he in a physical condition, if the evidence is to be believed, to successfully perform the labor of his usual avocation. While the evidence leaves some doubt as to whether he will be permanently injured, yet it tends to show that his disability from the injury may continue for a year and a half. The instruction specifically limited the recovery for impaired earning capacity to this period. Upon the precise point under consideration, we are not prepared to say

that we fully approve of the language used. We think the court in such a case ought to point out to the jury that a recovery for pain and suffering, or for the expense of medical treatment in the future, must be confined to such as there is "reasonable certainty," under the evidence in the case, will follow from the injury received; yet we believe, taking this instruction as a whole, and considering the words used in their relation to the context, and giving to the word "may" its proper construction as used, that no substantial error has been committed.

Another objection is urged to the same instruction of a very similar nature to the one just disposed of, but going to the part of the instruction permitting a recovery for future medical attention. We will not give this point special treatment, for the reason that we do not believe there was any substantial evidence produced showing that there would be reasonable necessity for such treatment in the future; and for that reason this part of the instruction should not have been given. As the recovery on this account was specially limited to the amount of $125 for medical services and nursing already incurred, together with that to be rendered in the future, and as there was proof that $70 had been expended for this purpose, the recovery for future medical attendance, if the jury considered it at all, was necessarily limited to the sum of $55. Giving the railway company the benefit of the assumption that the jury included this sum in its verdict, we shall give to defendant in error an opportunity to enter a remittitur in the sum of $55; in which event the case should be affirmed. *St. L. & S. F. Ry. Co. v. Goode,* 42 Okla. 784, 142 Pac. 1185.

We therefore recommend that, if defendant in error will enter a remittitur within 30 days in the amount stated, the case should be affirmed; otherwise reversed for the error mentioned in the instruction.

By the Court: It is so ordered.